1  JAMES M. FINBERG (SBN 114850)
   JAHAN C. SAGAFI (SBN 224887)
2  LIEFF, CABRASER, HEIMANN &
      BERNSTEIN, LLP
3  275 Battery Street, 30th Floor
   San Francisco, CA 94111-3339
4  Telephone: (415) 956-1000
   Facsimile: (415) 956-1008
5  E-Mail: jfinberg@lchb.com
   E-Mail: jsagafi@lchb.com
6

7  MICHAEL RUBIN (SBN 80618)          MICHA STAR LIBERTY (SBN 215687)
   BARBARA J. CHISHOLM (SBN 224656)    LIBERTY LAW OFFICE
8  ALTSHULER, BERZON, NUSSBAUM,        78 First Street
      RUBIN & DEMAIN                    San Francisco, CA 94105
9  177 Post Street, Suite 300          Telephone: (415) 896-1000
   San Francisco, California  94108    Facsimile: (415) 896-2249
10 Telephone: (415) 421-7151           E-Mail: micha@libertylawoffice.com
   Facsimile: (415) 362-8064
11 E-Mail: mrubin@altshulerberzon.com
   E-Mail: bchisholm@altshulerberzon.com
12
   Attorneys for Plaintiffs
13

14                 UNITED STATES DISTRICT COURT

15               NORTHERN DISTRICT OF CALIFORNIA

16               SAN FRANCISCO/OAKLAND DIVISION

17

18 ROY ADAMS, ROBERT EGGERT,          Case No.
   MICHAEL FERRIS, ED HALL, and ROHIT
19 SINGH on behalf of themselves and a class of )  COMPLAINT FOR VIOLATIONS OF FAIR
   those similarly situated,                      )  LABOR STANDARDS ACT; THE
20                                                )  CALIFORNIA LABOR CODE; AND THE
                    Plaintiffs,                   )  CALIFORNIA BUSINESS AND
21                                                )  PROFESSIONS CODE
              v.                                  )
22                                                )  COLLECTIVE ACTION AND CLASS
                                                  )  ACTION
23 INTER-CON SECURITY SYSTEMS,                    )
   INC., d/b/a INTER-CON SECURITY                 )
24 SERVICES, INC.                                 )  DEMAND FOR JURY TRIAL
                                                  )
25              Defendant.                        )
                                                  )
26 _____)
                                                  )
27

28

COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT; THE CALIFORNIA LABOR CODE; AND
THE CALIFORNIA BUSINESS AND PROFESSIONS CODE

1  Plaintiffs Roy Adams, Robert Eggert, Michael Ferris, Ed Hall, and Rohit Singh allege as follows:

2  **INTRODUCTION**

3  1.     This is a class and representative action against defendant Inter-Con Security Systems,

4  Inc., d/b/a Inter-Con Security Services, Inc. (hereafter "Inter-Con" or "Defendant") for violations of the

5  Fair Labor Standards Act (hereafter "FLSA"), 29 U.S.C. §216(b), the California Labor Code §200 *et*

6  *seq.*, §300, §400-410, §510, §1194 and §1197, and Business & Professions Code §17200 *et seq.*

7  2.     This action alleges that Defendant maintains an unlawful policy of not compensating its

8  security guard employees working in California for work performed before the start of the guards'

9  scheduled shifts and for work hours spent at orientation sessions. This action further alleges that

10  Defendant maintains an unlawful policy of deducting money from its security guard employees' wages

11  as so-called "uniform deposits."

12  3.     Through their class-wide claims, Plaintiffs seek compensation for all uncompensated

13  work; all penalties, liquidated damages, and other damages permitted by law; restitution and/or

14  disgorgement of all benefits obtained by Defendant from its unlawful business practices; injunctive and

15  declaratory relief; all other forms of equitable relief permitted by law; and reasonable attorneys' fees and

16  costs.

17  **JURISDICTION AND VENUE**

18  4.     This Court has subject matter jurisdiction under 29 U.S.C. §216(b) and 28 U.S.C. §1331

19  because plaintiffs allege violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*

20  This Court has supplemental jurisdiction over all other claims under 28 U.S.C. §1367 because they form

21  part of the same case or controversy as the aforementioned claims.

22  5.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201

23  and 2202.

24  6.     The Northern District of California has personal jurisdiction over Defendant Inter-Con

25  because Defendant has qualified with the California Secretary of State to do business and is doing

26  business in California and in this District, and because many of the acts complained of occurred in this

27  State and this District and gave rise to claims alleged.

28

1

COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT; THE CALIFORNIA LABOR CODE; AND
THE CALIFORNIA BUSINESS AND PROFESSIONS CODE

7.    Venue is proper in this district pursuant to 28 U.S.C. §§1391(b)(2) & (c) because a substantial part of the events giving rise to the claims described herein occurred in this District and Defendant may be found within this district.

8.    Pursuant to N.D. Cal. Local Rule 3-2(c) and (d), intra-district assignment to the San Francisco/Oakland Division is proper because a substantial part of the events giving rise to claims presented in this Complaint occurred in San Mateo County.

## THE PARTIES

9.    Plaintiff Roy Adams is a natural person who is employed by Inter-Con as a security guard at the South San Francisco Kaiser hospital.  He has been employed by Inter-Con as a security guard since approximately June 2, 2004.  He is a resident of San Francisco, California.

10.    Plaintiff Robert Eggert is a natural person and is employed by Inter-Con as a security guard at the Santa Rosa Kaiser hospital.  He has been employed by Inter-Con since approximately 2001. He is a resident of Rohnert Park, California.

11.    Plaintiff Ed Hall is a natural person who is employed by Inter-Con as a security guard at the Stockton Kaiser Hospital.  He has been employed by Inter-Con as a security guard since approximately 1999.  He is a resident of Stockton, California.

12.    Plaintiff Michael Ferris is a natural person who was employed by Inter-Con as a security guard between approximately 2003 and March 2006.  He is a resident of Albany, California.

13.    Plaintiff Rohit Singh is a natural person who is employed by Inter-Con as a security guard at the South Sacramento Kaiser Hospital.  He has been employed by Inter-Con as a security guard since approximately 2004.  He is a resident of Sacramento, California.

14.    Each of the Plaintiffs identified in ¶¶9-13 hereby consent to sue for violations of the FLSA, pursuant to 29 U.S.C. §§216(b) and 256.  Additional Plaintiffs have or will be signing Consent to Sue forms and will be joining as Plaintiffs on this claim in the future.

15.    On information and belief, Defendant Inter-Con is a California corporation providing private security services throughout the United States and the world, with its corporate headquarters located in Pasadena, California.  On information and belief, Inter-Con employs approximately 1800

2

1   private security guards at work sites throughout California, including but not limited to at Kaiser

2   hospitals and State government buildings.  The practices described herein were performed in Inter-Con's

3   offices in San Mateo County and throughout California.

**COMMON FACTUAL ALLEGATIONS**

4

5   A.      **Inter-Con's Practice of Requiring "Off-the-Clock" Security Briefings**

6       16.      Inter-Con maintains a policy of requiring all its security guard employees, including

7   Plaintiffs and all class members, to report to work 15 minutes before the scheduled start of their shifts in

8   order to attend pre-shift security briefings.  This policy is reflected in Defendant's employee

9   handbook(s) and in its application(s) for employment as a security guard.

10      17.      Inter-Con managers and supervisors enforce the policy by instructing security guard

11  employees to arrive at their work sites at least 15 minutes in advance of their scheduled shifts.  Inter-Con

12  managers and supervisors further enforce the policy by reprimanding and/or disciplining security guard

13  employees who do not arrive at their work sites at least 15 minutes in advance of their scheduled shifts.

14  Inter-Con suffers and/or permits its security guard employees to work during these 15-minute periods.

15  Plaintiffs' and class members' principal activity during these periods is to prepare for their shift by

16  listening to their co-workers describe current security conditions.  These security briefings are an integral

17  part of the security guards' job because the briefings enable them to identify and prepare for the day's

18  security conditions.

19      18.      Plaintiffs and the class members consistently work or worked 15 minutes before their

20  scheduled shifts.  On information and belief, all Inter-Con security guard employees are suffered or

21  permitted by Defendant to work for 15 minutes before their scheduled shifts.

22      19.      Inter-Con does not compensate Plaintiffs or the class members for the work they perform

23  during these pre-shift security briefings.  Nor does the time spent by Plaintiffs and the class members

24  performing work during these pre-shift security briefings appear on their pay statements.

25      20.      Plaintiffs all work or worked five regular eight-hours shifts per week for Inter-Con.  Due

26  to Inter-Con's policy and practice of requiring Plaintiffs to attend 15-minute security briefings before

27  each shift, Plaintiffs work or worked hours in excess of forty (40) hours per week and in excess of eight

28

3

COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT; THE CALIFORNIA LABOR CODE; AND
THE CALIFORNIA BUSINESS AND PROFESSIONS CODE

1  (8) hours per day.  Plaintiffs do not and have not received overtime compensation for this work, as

2  required by both California and federal law.

3       **B.**    **Inter-Con's Practice of Failing to Compensate for Orientation Training Time**

4       21.    Upon information and belief, Defendant requires its security guards as a prerequisite of

5  their employment to attend orientation training sessions.  Upon information and belief, these orientation

6  sessions are eight hours in length, and are designed to provide security guards with information, skills,

7  and knowledge that are necessary and specific to employment at Inter-Con.  The orientation sessions are

8  for the benefit of Inter-Con, and are intended to instruct and train security guards regarding their

9  responsibilities and duties and Inter-Con policies and practices.

10       22.    Upon information and belief, Defendant does not compensate its security guards for the

11  time worked at mandatory orientation sessions.

12       **C.**    **Inter-Con's Practice of Unlawfully Deducting Excessive Uniform Deposits from**

13              **Employees' Wages**

14       23.    Defendant Inter-Con issues security guard uniforms to all security guard employees.  In

15  connection with the issuance of those uniforms, Inter-Con requires all security guard employees to pay

16  two-hundred and fifty dollars ($250) to Inter-Con in the form of a "uniform deposit."  This deposit is

17  deducted from Plaintiffs' and class members' initial paychecks and is held by Inter-Con during the entire

18  period of each Plaintiff's and class member's employment.

19       24.    The "uniform deposit" exceeds the value of the uniform Defendant provides to each

20  security guard employee.

21       25.    Defendant does not pay Plaintiffs or class members the amount of interest that accrues on

22  their "uniform deposits" while those funds are held by Inter-Con.

23                      **COLLECTIVE ACTION ALLEGATIONS**

24       26.    Plaintiffs bring the First Claim for Relief for violation of the FLSA as a collective action

25  pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), on behalf of all persons who were, are, or

26  will be employed by Defendant as security guards throughout California, at any time within the

27  applicable statute of limitations period, who have not been compensated for all hours worked during pre-

28

COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT; THE CALIFORNIA LABOR CODE; AND
THE CALIFORNIA BUSINESS AND PROFESSIONS CODE

1   shift security briefings and/or for all hours worked during Inter-Con's orientation training sessions, and

2   who have not been compensated at one and one-half times the regular rate of pay for all work performed

3   during pre-shift security briefings and/or in orientation training sessions that is in excess of forty (40)

4   hours per work week (hereinafter "FLSA Collective Action Plaintiffs").

5        27.     The First Claim for Relief for violations of the FLSA may be brought and maintained as

6   an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. §216(b), as prospective

7   members of the FLSA Collective Action are similarly situated to Plaintiffs and have claims that are

8   similar to Plaintiffs' First Claim for Relief.

9        28.     Questions of law and fact common to the collective action as a whole include, but are not

10   limited to, the following:

11        a.     Whether Inter-Con unlawfully failed and continues to fail to compensate FLSA

12                 Collective Action Plaintiffs and prospective FLSA Collective Action Plaintiffs for hours

13                 worked during pre-shift security briefings in violation of the FLSA, 29 U.S.C. §201 *et*

14                 *seq.*;

15        b.     Whether Inter-Con unlawfully failed and continues to fail to pay overtime compensation

16                 in violation of the FLSA, 29 U.S.C. §201 *et seq.*;

17        c.     Whether Inter-Con's failure to pay overtime to the FLSA Collective Action Plaintiffs was

18                 willful within the meaning of the FLSA;

19        d.     Whether Inter-Con unlawfully failed and continues to fail to compensate FLSA

20                 Collective Action Plaintiffs for hours worked during Inter-Con orientation training

21                 sessions in violation of the FLSA, 29 U.S.C. §201 *et seq.*;

22        e.     Whether Inter-Con failed and continues to fail to maintain accurate records of actual time

23                 worked by the FLSA Collective Action Plaintiffs;

24        f.     Whether Inter-Con failed and continues to fail to record or report all actual time worked

25                 by the FLSA Collective Action Plaintiffs; and

26

27

28

COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT; THE CALIFORNIA LABOR CODE; AND
THE CALIFORNIA BUSINESS AND PROFESSIONS CODE

g.      Whether Inter-Con failed and continues to fail to provide accurate wage statements itemizing all actual time worked and wages earned by the FLSA Collective Action Plaintiffs.

29.     Plaintiffs and the FLSA Collective Action Plaintiffs are similarly situated and are subject to Inter-Con's common practice, policy or plan of refusing to compensate all hours worked and refusing to pay overtime in violation of the FLSA.

30.     The names and addresses of the FLSA Collective Action Plaintiffs are available from Defendant, and notice should be provided to the FLSA Collective Action Plaintiffs *via* first class mail to their last known address as soon as possible.

## CALIFORNIA CLASS ACTION ALLEGATIONS

31.     Plaintiffs bring the Second, Third, Fourth, Fifth, and Sixth Claims for Relief for violation of California's wage and hour laws as a class action, pursuant to Fed. R. Civ. P. 23 (a), (b)(2), and (b)(3), on behalf of themselves and the following Plaintiff Class:

> All persons who are and/or were employed by Inter-Con Security Service, Inc. as security guards within the State of California at any time between September 5, 2002 and the present.

All Plaintiffs are members of the Plaintiff Class on whose behalf the Second, Third, Fourth, Fifth, and Sixth Claims for Relief are brought.

32.     The Plaintiff Class is so numerous that joinder of all members is impracticable. Plaintiffs are informed and believe, and on that basis allege, that approximately 1,800 persons have been employed by Defendant as security guards within the State of California during the class period, and that given turnover, the Plaintiff Class is more numerous than that. Although the exact number and identities of class members are unknown to Plaintiffs at this time, this information is readily ascertainable from Defendant through discovery of its payroll and personnel records.

33.     Common questions of law and fact predominate over any questions affecting individual class members. Questions of law and fact common to members of the Plaintiff Class as a whole include, but are not limited to, the following:

COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT; THE CALIFORNIA LABOR CODE; AND THE CALIFORNIA BUSINESS AND PROFESSIONS CODE

a.   Whether Defendant maintains a policy and practice of suffering and/or permitting its security guard employees to participate in pre-shift security briefings;

b.   Whether Defendant unlawfully failed to compensate class members for hours worked during pre-shift security briefings;

c.   Whether Defendant maintains a policy and practice of suffering and/or permitting its security guard employees to participate in orientation training sessions;

d.   Whether Defendant failed to compensate class members for hours worked during orientation training sessions;

e.   Whether Defendant failed to pay class members their full wages when due as required by California Labor Code §§201, 202, and 204;

f.   Whether Defendant failed to pay class members overtime compensation in violation of the California Labor Code and related regulations, Cal. Labor Code §§201, 202, 203, 226, 510, 1174, 1174.5, and 1194, Cal. Wage Order No. 4;

g.   Whether Defendant unlawfully failed to keep and furnish class members with records of hours worked, in violation of Labor Code §§226 and 1174;

h.   Whether Defendant's policy and practice of failing to pay its employees all wages due within the time required by law after their employment ended violates California law;

i.   Whether Defendant maintains an unlawful policy of deducting "uniform deposits" from class members' wages;

j.   Whether Defendant's conduct violated of the California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 *et seq.*, as alleged in this Complaint.

34.   Plaintiffs will fairly and adequately represent and protect the interests of the Plaintiff Class. Plaintiffs have retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation.

35.   Plaintiffs' claims are typical of class members' claims. Plaintiffs, like other class members, were subjected to Defendant's policies and practices of refusing to compensate security guards for time spent in pre-shift security briefings in violation of California law, refusing to compensate

7

COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT; THE CALIFORNIA LABOR CODE; AND THE CALIFORNIA BUSINESS AND PROFESSIONS CODE

1  security guards for time spent in orientation training sessions, and deducting a "uniform deposit" from

2  security guards' wages. Plaintiffs' job duties are typical of those of other class members.

3       36.     Class certification of the Second, Third, Fourth, Fifth, and Sixth Claims for Relief is

4  appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on

5  grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with

6  respect to Plaintiffs and the Plaintiff Class as a whole. Plaintiffs and the Plaintiff Class are entitled to

7  injunctive relief to end Defendant's common and uniform practice of failing to properly compensate its

8  employees for all overtime work performed for the benefit of Defendant, failing properly to compensate

9  security guards for time spent in orientation training sessions, and deducting a "uniform deposit" from

10  security guards' wages.

11       37.     Class certification of the Second, Third, Fourth, Fifth, and Sixth Claims for Relief is also

12  appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Plaintiff

13  Class predominate over any questions affecting only individual members of the Plaintiff Class, and

14  because the class action device is superior to other available methods for the fair and efficient

15  adjudication of this litigation. Defendant's common and uniform policies and practices unlawfully deny

16  Plaintiffs and the class members their earned wages, including overtime wages. The damages suffered

17  by individual class members are small compared to the expense and burden of individual prosecution of

18  this litigation. In addition, class certification is superior because it will obviate the need for unduly

19  duplicative litigation that might result in inconsistent judgments about Defendant's practices.

20  **FIRST CLAIM FOR RELIEF**

21  (Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*,

22  Brought by Plaintiffs on Behalf of Themselves and all FLSA Collective Action Plaintiffs)

23       38.     Plaintiffs, on behalf of themselves and all FLSA Collective Action Plaintiffs, reallege and

24  incorporate by reference paragraphs 1 through 37 as if they were set forth again herein.

25       39.     At all relevant times, Defendant has been, and continues to be, an "employer" engaged in

26  interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the

27  FLSA, 29 U.S.C. §203. At all relevant times, Defendant has employed and/or continues to employ

28

8

COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT; THE CALIFORNIA LABOR CODE; AND
THE CALIFORNIA BUSINESS AND PROFESSIONS CODE

1    "employee[s]," including Plaintiffs and each of the prospective FLSA Collective Action Plaintiffs, who

2    have been and/or continue to be engaged in interstate "commerce" and/or in the production of "goods"

3    for "commerce," within the meaning of the FLSA, 29 U.S.C. §203. At all relevant times, Defendant has

4    had gross operating revenues in excess of $500,000.

5       40.     Plaintiffs in this action have signed Consent to Sue forms pursuant to Section 16(b) of the

6    FLSA, 29 U.S.C. §§216(b) and 256. Other individuals will sign consent forms and join as plaintiffs on

7    this claim in the future.

8       41.     The FLSA requires Defendant, as a covered employer, to compensate all non-exempt

9    employees for all hours worked, and to compensate all non-exempt employees at a rate of not less than

10    one and one-half times their regular rate of pay for work performed in excess of forty (40) hours in a

11    work week.

12       42.     Plaintiffs and all FLSA Collective Action Plaintiffs are entitled to compensation for all

13    hours worked.

14       43.     Plaintiffs and all FLSA Collective Action Plaintiffs are entitled to be paid overtime

15    compensation for all overtime hours worked.

16       44.     At all relevant times, Defendant, pursuant to its policies and practices, failed and refused

17    to compensate Plaintiffs and the FLSA Collective Action Plaintiffs for work performed during regular

18    "off-the-clock" pre-shift security briefings.

19       45.     At all relevant times, Defendant, pursuant to its policies and practices, failed and refused

20    to pay overtime premiums to Plaintiffs and the FLSA Collective Action Plaintiffs for their hours worked

21    in excess of 40 hours per week for work performed during regular "off-the-clock" pre-shift security

22    briefings.

23       46.     At all relevant times, Defendant has engaged, and continues to engage, in a willful policy,

24    pattern, or practice of requiring or permitting its non-exempt hourly employees, including Plaintiffs and

25    the FLSA Collective Action Plaintiffs, to perform work "off-the-clock" without compensating such

26    employees for all work performed.

27

28

COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT; THE CALIFORNIA LABOR CODE; AND
THE CALIFORNIA BUSINESS AND PROFESSIONS CODE

47.     At all relevant times, the "off-the-clock" work performed by Defendant's non-exempt hourly employees, including Plaintiffs and the FLSA Collective Action Plaintiffs, was and continues to be required or permitted by Defendant, for the benefit of Defendant, and is directly related to such employees' principal employment with Defendant, and is an integral and indispensable part of such employees' employment with Defendant.

48.     At all relevant times, Defendant, pursuant to its policies and practices, failed and refused to compensate Plaintiffs and the FLSA Collective Action Plaintiffs for work performed during orientation training sessions.  Plaintiffs and the FLSA Collective Action Plaintiffs were "employees" within the meaning of the FLSA for purposes of these orientation training sessions because their attendance at the orientation training sessions was and is required by Defendant, for the immediate benefit of Defendant, and is directly related to and specific to the employees' employment with Defendant and not akin to vocational training.

49.     Defendant violated and continues to violate the FLSA, 29 U.S.C. §201 *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a), by failing to pay FLSA Collective Action Plaintiffs for all hours actually worked and by failing to pay FLSA Collective Action Plaintiffs at least one-and-a-half times their regular rates of pay for all hours worked in excess of forty (40) in a workweek.  These violations of the FLSA were knowing and willful within the meaning of 29 U.S.C. §201 *et seq.*

50.     The FLSA also imposes specific employment record-keeping requirements, including the obligation to keep accurate records of all hours worked.  By failing to record, report, and/or preserve records of hours worked by Plaintiffs and the prospective FLSA Collective Action Plaintiffs, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §201 *et seq.*, including 29 U.S.C. §§211(c) and 215(a).  These violations of the FLSA were knowing and willful within the meaning of 29 U.S.C. §201 *et seq.*

51.     As a result of Defendant's violations of law, FLSA Collective Action Plaintiffs are entitled to recover from Defendant the amount of their unpaid minimum wages and overtime compensation, an additional equal amount as liquidated damages, as provided by the FLSA, 29 U.S.C.

10

COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT; THE CALIFORNIA LABOR CODE; AND THE CALIFORNIA BUSINESS AND PROFESSIONS CODE

§216(b), prejudgment interest, attorneys' fees, litigation expenses and court costs, pursuant to 29 U.S.C. §216(b), and such other legal and equitable relief as the Court deems just and proper.

**SECOND CLAIM FOR RELIEF**

(Cal. Wage Order No. 4; Cal. Labor Code §§510, 1194, 1197

Brought By Plaintiffs On Behalf Of Themselves And The Class)

52.     Plaintiffs, on behalf of themselves and all members of the Class, reallege and incorporate by reference paragraphs 1 through 51 as if they were set forth again herein.

53.     California law, including Wage Order 4 of the California Industrial Welfare Commission (hereafter "Wage Order"), and the California Labor Code §§510, 1194, and 1197, requires Defendant to pay at least the legal minimum wage for all hours actually worked, and to pay overtime compensation to all non-exempt employees for all hours worked over forty (40) per week, or over eight per day.

54.     Plaintiffs and the class members are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

55.     Throughout the period from September 5, 2002 to the present (the "Class Period"), Defendant did not compensate Plaintiffs or class members for time worked during pre-shift security briefings and during required orientation training sessions.

56.     Throughout the Class Period, Defendant has refused to pay Plaintiffs and the class members overtime premium pay for their overtime hours worked as a result of work performed during pre-shift security briefings.

57.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiffs and the members of the Plaintiff Class have sustained damages, including loss of earnings for hours worked and for overtime hours worked on behalf of Defendant in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

11

COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT; THE CALIFORNIA LABOR CODE; AND THE CALIFORNIA BUSINESS AND PROFESSIONS CODE

**THIRD CLAIM FOR RELIEF**

(Failure to Pay Full Wages When Due Under Labor Code §200 *et seq.*, §§1194, 1198, 1199

Brought By Plaintiffs On Behalf Of Themselves And The Class)

58.     Plaintiffs on behalf of themselves and all members of the Class, reallege and incorporate by reference paragraphs 1 through 57 as if they were set forth again herein.

59.     By failing to compensate Plaintiffs and class members for time worked during pre-shift security briefings and during orientation training sessions, Defendant has and continues to violate Labor Code §204, which requires employers, including Defendant, to pay their employees their full wages when due.

60.     Plaintiff Ferris and many class members are no longer working for Defendant.  By failing to compensate class members as required by California law at any time between September 5, 2002 and September 5, 2006, Defendant also has willfully failed to make timely payment of the full wages due to its employees who quit or have been discharged, and thereby has violated Labor Code §§201 and 202.

61.     Pursuant to Labor Code §1194, Plaintiffs and class members are entitled to recover from Defendant all unpaid wages to which they are entitled, plus pre- and post-judgment interest thereon and reasonable attorneys' fees and costs incurred in prosecuting this action.

62.     Pursuant to Labor Code §203, those class members whose employment with Defendant has terminated are also entitled to recover waiting time penalties.

**FOURTH CLAIM FOR RELIEF**

(California Record-Keeping Provisions,

Cal. Labor Code §§226, 1174, 1174.5, Cal Wage Order No. 4,

Brought By Plaintiffs On Behalf Of Themselves And The Class)

63.     Plaintiffs, on behalf of themselves and all members of the Class, reallege and incorporate by reference paragraphs 1 through 62 as if they were set forth again herein.

64.     Defendant knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, hours worked, to Plaintiffs and the class members as required by Labor Code §226(a) and the IWC Wage Order.  Such failure caused injury to Plaintiffs and the class members,

12

1    by, among other things, impeding them from knowing the amount of wages to which they are and were

2    entitled.  At all times relevant herein, Defendant has failed to maintain records of hours worked by

3    Plaintiff and the class members as required under Labor Code §1174(d).

4          65.    Plaintiffs and class members are entitled to and seek injunctive relief requiring Defendant

5    to comply with Labor Code §§226(a) and 1174(d), and further seek all actual and statutory damages

6    available for these violations under Labor Code §§226(e) and 1174.5.

7                              **FIFTH CLAIM FOR RELIEF**

8          (Unlawful Deductions From Wages, Cal. Labor Code §§218, 221, 300, 400-410,

9                              Cal. Wage Order No. 4

10             Brought By Plaintiffs On Behalf Of Themselves and The Class)

11         66.    Plaintiffs, on behalf of themselves and all members of the Class, reallege and incorporate

12   by reference paragraphs 1 through 65 as if they were set forth again herein.

13         67.    California Labor Code §221 prohibits Defendant from "collect[ing] or receiv[ing] from

14   an employee any part of wages theretofore paid by said employer to said employee."

15         68.    Wage Order 4, Section 9(C) provides that a uniform deposit required by an employer

16   such as Defendant must be made in accordance with California Labor Code §400 *et seq*.  California

17   Labor Code §§400-410 make it unlawful for an employer to demand or accept a cash bond from an

18   employee or applicant, except under limited circumstances.  In relevant part, Labor Code §402 provides

19   that no employer shall demand or accept a cash bond unless the employee or applicant is entrusted with

20   property of an equivalent value.  Labor Code §403 requires an employer to place any lawful cash bond

21   into a savings account and prohibits an employer from withdrawing such monies except upon the joint

22   signature of the employer and the employee or applicant.  Labor Code §404 requires an employer to

23   return the cash bond to the employee or applicant with accrued interest, subject only to deductions

24   necessary to balance accounts between the employer and employee or applicant.

25         69.    Labor Code §300 makes an assignment of wages unlawful unless, among other things: (a)

26   the written consent of the spouse is attached to the assignment if the assignment is made by a married

27

28

                                          13

COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT; THE CALIFORNIA LABOR CODE; AND
THE CALIFORNIA BUSINESS AND PROFESSIONS CODE

1    person; (b) a written statement that no other assignment exists is attached to or included in the

2    assignment; and (c) a copy of the assignment authenticated by a notary public is filed.

3         70.    Plaintiffs are informed and believe, and on that basis allege, that the "uniform deposit" of

4    two-hundred and fifty dollars ($250) exceeds the value of the uniforms provided to Plaintiffs and class

5    members, that Defendant does not deposit the monies withheld into interest bearing savings accounts,

6    that Defendant does not return the deposits to Plaintiffs and class members with accrued interest, and

7    that Defendant has otherwise failed to comply with the provisions of Labor Code §§300, 400-410 and

8    Section 9 of Wage Order 4.

9         71.    The unlawful wage deductions were made at the demand of Defendant, and directly

10   benefit Defendant and not Plaintiffs or class members.

11        72.    Defendant's policy and practice of deducting two-hundred and fifty dollars ($250) from

12   Plaintiffs' and class members' paychecks and allocating that money to a "uniform deposit" violates

13   Labor Code §§221, 300, 400, and Wage Order 4, Section 9.

14        73.    As a direct and proximate cause of Defendant's unlawful wage deductions, Plaintiffs and

15   class members are entitled to recover damages and penalties in amounts to be established at trial,

16   including all amounts unlawfully withheld and/or deducted from wages and the accrued but unpaid

17   interest on such deductions and/or withholdings.

18                     **SIXTH CLAIM FOR RELIEF**

19            (California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 *et seq.*,

20              Brought By Plaintiffs On Behalf Of Themselves And The Class)

21        74.    Plaintiffs, on behalf of themselves and all members of the Class, reallege and incorporate

22   by reference paragraphs 1 through 73 as if they were set forth again herein.

23        75.    The conduct of Defendant, as alleged herein, violates the California Unfair Competition

24   Law ("UCL"), Cal. Bus. & Prof. Code §17200 *et seq.*

25        76.    Plaintiffs allege that the unfair and unlawful business practices complained of herein are

26   and were the regular business practice of Defendant.

27

28                                   14

77.     Through Defendant's failures to pay legally-required overtime wages, to provide itemized statements of hours worked with payments of wages, to pay wages when due, and other conduct alleged herein, Defendant has violated numerous specific provisions of state and federal law and has engaged in, and continues to engage in, unlawful and unfair business practices in violation of the UCL, depriving Plaintiffs and all class members of rights, benefits, and privileges guaranteed to all employees under law, and has caused Plaintiffs and all class members to suffer injury in fact and to lose money and/or property.

78.     Plaintiffs are informed and believe, and based upon such information and belief allege, that by engaging in the unfair and unlawful business practices complained of herein, Defendant was able to lower its labor costs and thereby to obtain a competitive advantage over law-abiding employers with which it competes.

79.     The harm to Plaintiffs and the class members in being wrongfully denied lawfully earned wages outweighs the utility, if any, of Defendant's policies or practices and, therefore, Defendant's actions described herein constitute an unfair business practice or act within the meaning of the UCL.

80.     Cal. Business and Professions Code §17203 provides that the Court may restore to an aggrieved party any money or property acquired by means of unlawful and unfair business practices. Under the circumstances alleged herein, it would be inequitable and result in a miscarriage of justice for Defendant to continue to retain the property of Plaintiffs and the class members, entitling Plaintiffs and the class members to restitution of the unfair benefits obtained and disgorgement of Defendant's ill-gotten gains. Plaintiffs seek restitution of all unpaid wages owing to them and to members of the class, according to proof, as well as all other available equitable relief.

81.     Injunctive relief pursuant to Cal. Business and Professions Code §17203 is necessary to prevent Defendant from continuing to engage in unfair business practices as alleged in this Complaint. Defendant and/or persons acting in concert with Defendant has done, is now doing, and will continue to do or cause to be done, the illegal acts alleged in this Complaint, unless restrained and enjoined by this Court. Unless the relief prayed for below is granted, a multiplicity of actions will result. Plaintiffs have no plain, speedy, or adequate remedy at law, for reasons which include but are not limited to the

COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT; THE CALIFORNIA LABOR CODE; AND THE CALIFORNIA BUSINESS AND PROFESSIONS CODE

1  following: (a) it is difficult to measure the amount of monetary damages that would compensate

2  Plaintiffs for defendants' wrongful acts; and (b) in any event, pecuniary compensation alone would not

3  afford adequate and complete relief. The continuing violation of law by Defendant will cause great and

4  irreparable damage to Plaintiffs and others similarly situated unless Defendant is immediately restrained

5  from committing further illegal acts.

6      82.    Plaintiffs herein take upon themselves enforcement of these laws and lawful claims.

7  There is a financial burden incurred in pursuing this action. Therefore Plaintiffs, on behalf of

8  themselves and the class members, seek recovery of attorneys' fees and costs of this action to be paid by

9  Defendant, as provided by the UCL and California Labor Code §§218, 218.5, and 1194, and C.C.P.

10  §1021.5.

11                              **PRAYER FOR RELIEF**

12      WHEREFORE, Plaintiffs on behalf of themselves and all FLSA Collective Action Plaintiffs,

13  pray for relief as follows:

14      A.    Designation of this action as a collective action on behalf of the FLSA Collective Action

15  Plaintiffs (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all

16  similarly situated members of the FLSA Opt-In Class, apprising them of the pendency of this action, and

17  permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms

18  pursuant to 29 U.S.C. §216(b), and tolling of the statute of limitations on the claims of all members of

19  the FLSA Opt-In Class from the date the original complaint was filed until the class members are

20  provided with reasonable notice of the pendency of this action and a fair opportunity to exercise their

21  right to opt in as plaintiffs;

22      B.    Designation of Representative Plaintiffs Roy Adams, Robert Eggert, Ed Hall, Michael

23  Ferris and Rohit Singh as representatives of the FLSA Collective Action Plaintiffs;

24      C.    A declaratory judgment that the practices complained of herein are unlawful under the

25  Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*

26

27

28

COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT; THE CALIFORNIA LABOR CODE; AND
THE CALIFORNIA BUSINESS AND PROFESSIONS CODE

1     D.     An injunction against Defendant and its officers, agents, successors, employees,

2 representatives, and any and all persons acting in concert with it, as provided by law, from engaging in

3 each of the unlawful practices, policies, and patterns set forth herein;

4     E.     An award of damages, including unpaid minimum wages and overtime compensation and

5 an additional equal amount as liquidated damages, to be paid by Defendant;

6     F.     Costs of action incurred herein, including reasonable attorneys' fees under, *inter alia*, 29

7 U.S.C. §216(b), litigation expenses and court costs;

8     G.     Pre-Judgment and post-Judgment interest, as provided by law; and

9     H.     Such other and further legal and equitable relief as this Court deems necessary, just, and

10 proper.

11

12     WHEREFORE, Plaintiffs on behalf of themselves and all members of the Plaintiff Class,

13 additionally pray for relief as follows:

14     I.     Certification of this action as a class action on behalf of the proposed Plaintiff Class;

15     J.     Designation of Plaintiffs Roy Adams, Robert Eggert, Ed Hall, Michael Ferris, and Rohit

16 Singh as Representatives of the Plaintiff Class;

17     K.     Designation of Plaintiffs' counsel as Counsel for the Plaintiff Class;

18     L.     A declaratory judgment that the practices complained of herein are unlawful under

19 California state law;

20     M.     Appropriate equitable and injunctive relief to remedy Defendant's violations of California

21 law, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful

22 practices;

23     N.     An award of damages, statutory penalties, and restitution to be paid by Defendant

24 according to proof;

25     O.     Pre-Judgment and Post-Judgment interest, as provided by law;

26     P.     Such other injunctive and equitable relief as the Court may deem just and proper; and

27

28

COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT; THE CALIFORNIA LABOR CODE; AND
THE CALIFORNIA BUSINESS AND PROFESSIONS CODE

1    Q.    Attorneys' fees and costs of suit, including expert fees and fees pursuant to Cal. Labor

2    Code §§218.5, and 1194, Cal. Code Civ. Proc. §1021.5, and other applicable state laws.

3                                 **DEMAND FOR JURY TRIAL**

4         Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they

5    have a right to jury trial.

6    Date:   September 5, 2006              By: _____

7                                                Barbara J. Chisholm

8

9                                          MICHAEL RUBIN (SBN 80618)
                                           BARBARA J. CHISHOLM (SBN 224656)
10                                         ALTSHULER, BERZON, NUSSBAUM,
                                               RUBIN & DEMAIN
11                                         177 Post Street, Suite 300
                                           San Francisco, California  94108
12                                         Telephone: (415) 421-7151
                                           Facsimile: (415) 362-8064
13                                         E-Mail: mrubin@altshulerberzon.com
                                           E-Mail: bchisholm@altshulerberzon.com

14                                         JAMES M. FINBERG (SBN 114850)
                                           JAHAN C. SAGAFI (SBN 224887)
15                                         LIEFF, CABRASER, HEIMANN &
                                               BERNSTEIN, LLP
16                                         275 Battery Street, 30th Floor
                                           San Francisco, CA 94111-3339
17                                         Telephone: (415) 956-1000
                                           Facsimile: (415) 956-1008
18                                         E-Mail: jfinberg@lchb.com
                                           E-Mail: jsagafi@lchb.com
19
                                           MICHA STAR LIBERTY (SBN 215687)
20                                         LIBERTY LAW OFFICE
                                           78 First Street
21                                         San Francisco, CA 94105
                                           Telephone: (415) 896-1000
22                                         Facsimile: (415) 896-2249
                                           E-Mail: micha@libertylawoffice.com
23
                                           *Attorneys for Plaintiffs and the proposed Plaintiff
24                                         Class*

25

26

27

28
                                          18

1

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

2      Pursuant to Civil L. R. 3-16, the undersigned certifies that as of this date, other than the named

3  plaintiffs, there is no such interest to report.

4  Date:   September 5, 2006                    By: _____
                                                      Barbara J. Chisholm
5
                                                MICHAEL RUBIN (SBN 80618)
6                                               BARBARA J. CHISHOLM (SBN 224656)
                                                ALTSHULER, BERZON, NUSSBAUM,
7                                                    RUBIN & DEMAIN
                                                177 Post Street, Suite 300
8                                               San Francisco, California  94108
                                                Telephone: (415) 421-7151
9                                               Facsimile: (415) 362-8064
                                                E-Mail: mrubin@altshulerberzon.com
10                                              E-Mail: bchisholm@altshulerberzon.com

11                                              JAMES M. FINBERG (SBN 114850)
                                                JAHAN C. SAGAFI (SBN 224887)
12                                              LIEFF, CABRASER, HEIMANN &
                                                    BERNSTEIN, LLP
13                                              275 Battery Street, 30th Floor
                                                San Francisco, CA 94111-3339
14                                              Telephone: (415) 956-1000
                                                Facsimile: (415) 956-1008
15                                              E-Mail: jfinberg@lchb.com
                                                E-Mail: jsagafi@lchb.com
16
                                                MICHA STAR LIBERTY (SBN 215687)
17                                              LIBERTY LAW OFFICE
                                                78 First Street
18                                              San Francisco, CA 94105
                                                Telephone: (415) 896-1000
19                                              Facsimile: (415) 896-2249
                                                E-Mail: micha@libertylawoffice.com
20
                                                *Attorneys for Plaintiffs and the proposed Plaintiff*
21                                              *Class*

22

23

24

25

26

27

28
                                        19

COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT; THE CALIFORNIA LABOR CODE; AND
THE CALIFORNIA BUSINESS AND PROFESSIONS CODE