1  Michael Rubin (SBN 80618)
   Barbara J. Chisholm (SBN 224656)
2  ALTSHULER, BERZON, NUSSBAUM,
      RUBIN & DEMAIN
3  177 Post Street, Suite 300
   San Francisco, California  94108
4  Telephone: (415) 421-7151
   Facsimile: (415) 362-8064
5  E-Mail: mrubin@altshulerberzon.com
   E-Mail: bchisholm@altshulerberzon.com
6
7  Attorneys for Plaintiffs ROY ADAMS, *et al.*

8  E. Jeffrey Grube (SBN 167324)
   Julie A. Wilkinson (SBN 209180)
   Lacie Treglown (SBN 243369)
9  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   55 Second Street, Twenty-Fourth Floor
10 San Francisco, CA 94105
   Telephone: (415) 856-7000
11 Facsimile: (415) 856-7100
   E-Mail: jeffgrube@paulhastings.com
12 E-Mail: juliewilkinson@paulhastings.com
   E-Mail: ltreglown@paulhastings.com
13
   Attorneys for Defendant INTER-CON SECURITY SYSTEMS, INC.
14
   (Additional counsel on following page)

15

UNITED STATES DISTRICT COURT

16

NORTHERN DISTRICT OF CALIFORNIA

17

SAN FRANCISCO/OAKLAND DIVISION

18

| | |
|---|---|
| 19  ROY ADAMS, ROBERT EGGERT, MICHAEL FERRIS, ED HALL, and ROHIT 20  SINGH on behalf of themselves and a class of those similarly situated, 21 22             Plaintiffs, 23    v. 24  INTER-CON SECURITY SYSTEMS, INC., d/b/a INTER-CON SECURITY 25  SERVICES, INC. 26             Defendant. 27 _____ | **Case No. 3:06-CV-05428 MHP** **STIPULATION AND [~~PROPOSED~~] ORDER RE: MATTERS RELATING TO DEFENDANT'S PETITION FOR AN ORDER COMPELLING ARBITRATION** COLLECTIVE ACTION AND CLASS ACTION Hearing Date: Date:    February 5, 2007 Time:   2:00 p.m. Place:  Courtroom 15 |

28

1  James M. Finberg (SBN 114850)
   Jahan C. Sagafi (SBN 224887)
2  LIEFF, CABRASER, HEIMANN &
     BERNSTEIN, LLP
3  275 Battery Street, 30th Floor
   San Francisco, CA 94111-3339
4  Telephone: (415) 956-1000
   Facsimile: (415) 956-1008
5  E-Mail: jfinberg@lchb.com
   E-Mail: jsagafi@lchb.com
6
   Micha Star Liberty (SBN 215687)
7  LIBERTY LAW OFFICE
   78 First Street
8  San Francisco, CA 94105
   Telephone: (415) 896-1000
9  Facsimile: (415) 896-2249
   E-Mail: micha@libertylawoffice.com
10
   Kevin W. McTague (SBN 134514)
11 MCTAGUE & PALAY
   1484 East Main Street, 2nd Floor
12 Ventura, CA 93001
   Telephone: (805) 641-6600
13 Facsimile: (805) 641-6607
   E-mail: kwmct@mctague-palay.com
14
   Attorneys for Plaintiffs ROY ADAMS, *et al.*

STIPULATION AND [PROPOSED] ORDER RE: MATTERS RELATING TO DEFENDANT'S PETITION FOR AN ORDER COMPELLING ARBITRATION

1  WHEREAS defendant Inter-Con Security Systems, Inc. ("Inter-Con") filed on October 16, 2006, a Notice of Petition and Petition for an Order Compelling Arbitration, and Motion to Dismiss or, Alternatively, to Stay Action Pending Arbitration ("Petition"), in which it sought to compel certain plaintiffs to arbitrate the claims they assert in the above-captioned lawsuit; and

WHEREAS defendant Inter-Con's Petition is currently scheduled for hearing on Monday, January 22, 2006, at 2:00 p.m., and a case management conference is schedule for the same date and time; and

WHEREAS the parties previously requested and were granted two short extensions of time of the briefing and hearing schedule on defendant's Petition, and further requested and were granted one continuance of the case management conference in this matter, in order that the parties might meet and confer regarding issues related to the Petition; and

WHEREAS, since the Complaint was filed on September 5, 2006, 316 additional plaintiffs have filed notices with the Court consenting to sue under the Fair Labor Standards Act in this action pursuant to 29 U.S.C. §216(b); and

WHEREAS the parties through their undersigned counsel have agreed that defendant Inter-Con's Petition shall apply to the claims of the original named plaintiffs (Roy Adams, Robert Eggert, Michael Ferris, Rohit Singh, and Ed Hall) and to the claims of all current and future opt-in plaintiffs with arbitration agreements substantially the same in content to the agreements of the five original plaintiffs, regardless of whether those additional plaintiffs have already filed notices with the Court consenting to sue under the Fair Labor Standards Act in this action pursuant to 29 U.S.C. §216(b) ("current opt-in plaintiffs") or file such notices in the future ("future opt-in plaintiffs"); and

WHEREAS defendant's counsel has agreed to provide plaintiffs' counsel with copies of each arbitration agreement signed by the current opt-in plaintiffs and by any future opt-in plaintiffs promptly after defendant Inter-Con locates each such agreement, and to provide a declaration under penalty of perjury attesting to the previous existence of any such agreement that defendant is not able to locate after a good faith and reasonable search; and

1
STIPULATION AND [PROPOSED] ORDER RE: MATTERS RELATING TO DEFENDANT'S PETITION FOR AN ORDER COMPELLING ARBITRATION

WHEREAS the parties need a short extension of the current briefing and hearing schedule regarding defendant's Petition for defendant to provide and plaintiffs to review arbitration agreements signed by the current opt-in plaintiffs;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by the parties through their undersigned counsel, subject to this Court's approval, as follows:

1. The hearing on defendant's Petition currently scheduled for January 22, 2006, at 2:00 p.m., shall be rescheduled to February 5, 2007, at 2:00 p.m.; plaintiffs' opposition to defendant's Petition shall be filed by no later than January 5, 2007; and defendant's reply in support of its Petition shall be filed by no later than January 22, 2007. The case management conference currently scheduled for January 22, 2007, at 2:00 p.m., shall be rescheduled to February 5, 2007, at 2:00 p.m.

2. Defendant's counsel shall provide plaintiffs' counsel with copies of each arbitration agreement signed by the current opt-in plaintiffs that Inter-Con has located to date no later than December 21, 2006, and shall provide plaintiffs' counsel copies of each arbitration agreement signed by the remaining current opt-in plaintiffs that it is able to locate, after a good faith and reasonable search, as soon as practicable thereafter, but in no event after January 8, 2007 unless good cause is demonstrated to plaintiffs' counsel for need for additional time. Defendant's counsel shall provide plaintiffs' counsel with copies of each arbitration agreement singed by future opt-in plaintiffs that it is able to locate, after a good faith and reasonable search, within thirty (30) days after the filing of those individuals' notices of consent to sue, unless good cause is demonstrated to plaintiffs' counsel for need for additional time. If defendant is unable, after a good faith and reasonable search, to locate any current or future opt-in plaintiff's arbitration agreement, defendant will submit to plaintiffs' counsel a sworn declaration from a corporate officer or employee with knowledge of the facts asserted, affirming that such agreement previously existed in Inter-Con's files and that all named plaintiffs, current opt-in plaintiffs, and future opt-in plaintiffs signed substantially identical agreements to arbitrate and were required by defendant Inter-Con as a condition of employment as Inter-Con security officers to sign such agreements on or about the time they submitted their applications for employment with Inter-Con.

1      3. Defendant's Petition shall be deemed to be seeking an order compelling arbitration of the claims asserted in the above-captioned case by the five named plaintiffs, all current opt-in plaintiffs, and any future opt-in plaintiffs; except that if either party contends that the circumstances of any particular opt-in plaintiff's signing of Inter-Con's arbitration agreement are sufficiently unique that such individual should not in fairness be treated the same as all other plaintiffs for purposes of defendant's Petition, the parties shall meet and confer in an effort to resolve whether to exclude such individual[s] from defendant's Petition; and if the parties are unable to reach agreement, either party may submit a motion to the Court seeking to include or exclude such individual[s] from any order compelling or refusing to compel arbitration pursuant to defendant's Petition. Nothing in this Stipulation precludes the parties from arguing the propriety of class treatment under Rule 23 or collective-action treatment under 29 U.S.C. §216(b) in any future proceeding in court or before an arbitrator.

     4. Nothing in this Stipulation waives any right on the part of any named plaintiff, current opt-in plaintiff, or any future plaintiff, to demonstrate that the circumstances of his or her individual execution of the arbitration agreement were unconscionable.

     5. Nothing in this Stipulation waives any right to appeal or otherwise challenge this Court's ruling with regard to and/or on behalf of any individual, group of individuals, or entity affected by the Court's ruling on the Petition.

Dated: December 20, 2006      PAUL, HASTINGS, JANOFSKY & WALKER LLP

By:   /s/ E. Jeffrey Grube

Attorneys for Defendant

Dated: December 20, 2006      ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN

By:   /s/ Michael Rubin

Attorneys for Plaintiffs

IT IS SO ORDERED.

Dated:  12/21/06

HON. MARILYN HALL PATEL
UNITED STATES DISTRICT JUDGE

*[Signature and seal: Judge Marilyn H. Patel, United States District Court, Northern District of California]*

3

STIPULATION AND [PROPOSED] ORDER RE: MATTERS RELATING TO DEFENDANT'S PETITION FOR AN ORDER COMPELLING ARBITRATION