UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY ADAMS, ROBERT EGGERT, MICHAEL FERRIS, ED HALL, ROHIT SINGH, DUJUAN NICKSON, and DONTRELL BUNTER, on behalf of themselves and a class of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTER-CON SECURITY SYSTEMS, INC., d/b/a INTER-CON SECURITY SERVICES, INC.,<br><br>Defendant. | Case No. C-06-5428 MHP<br><br>**AMENDED [PROPOSED] ORDER (1) PRELIMINARILY APPROVING PROPOSED CLASS AND COLLECTIVE ACTION SETTLEMENT; (2) PROVISIONALLY CERTIFYING SETTLEMENT CLASSES AND COLLECTIVE ACTION; (3) DIRECTING DISSEMINATION OF NOTICE AND CLAIM FORM TO THE CLASS; AND (4) SETTING SCHEDULE FOR FINAL APPROVAL PROCESS**<br><br>Date:      October 29, 2007<br>Time:     2:00 p.m.<br>Courtroom: 15<br>Judge:    Hon. Marilyn Hall Patel |

Having reviewed Plaintiffs' Motion for an Order (1) Granting Preliminary Approval to Proposed Class and Collective Action Settlement; (2) Provisionally Certifying Settlement Classes and Collective Action; (3) Directing Dissemination of Notice and Claim Form to the Class; and (4) Setting a Schedule for Final Approval (the "Preliminary Approval Motion"), and the Joint Stipulation of Class Settlement Between Plaintiffs and Defendant; Settlement Agreement and Release ("Settlement Agreement") (attached hereto as Exhibit 1), along with the files and records of this case, the Court now FINDS, CONCLUDES, and ORDERS as follows:

**I.     CERTIFICATION OF SETTLEMENT CLASSES AND COLLECTIVE ACTION**

For settlement purposes, the Parties have proposed conditional certification of the following settlement classes under Federal Rule of Civil Procedure 23 (the "Rule 23 Classes"):

> <u>The California Class</u>:  All persons who work or worked for defendant Inter-Con Security Systems, Inc. ("Inter-Con") as a Security Officer in California from September 5, 2002 to the date of this Order;
>
> <u>The Illinois Class</u>:  All persons who work or worked for Inter-Con as a Security Officer in Illinois from January 29, 2004 to the date of this Order; and
>
> <u>The Maryland Class</u>:  All persons who work or worked for Inter-Con as a Security Officer in Maryland from January 29, 2004 to the date of this Order.

These Rule 23 Classes allege claims under the wage and hour laws of their respective states based on defendant Inter-Con's policies and practices. Specifically, the Rule 23 Classes allege that Inter-Con required class members to attend unpaid, pre-shift security briefings and unpaid orientation sessions, and failed to pay interest on Security Officers' uniform deposits upon termination of employment.

The Court hereby FINDS and CONCLUDES that the Rule 23 Classes satisfy all of the requirements for certification under Rule 23(a) and Rule 23(b)(3). Each class is sufficiently numerous (over 100 persons) that joinder is impracticable. The members of the Rule 23 Classes share common issues of fact and law regarding (1) whether defendant has or had a policy and/or practice of requiring class members to attend unpaid, pre-shift security briefings and, if so, whether such policy or practice violates the given state's wage and hour laws; (2) whether defendant has or had a policy and/or practice of requiring class members to attend unpaid

orientation sessions, and, if so, whether such policy or practice violates the given state's wage and hour laws; and (3) whether defendant has or had a policy and/or practice of failing to return uniform deposits with interest upon termination of employment, and, if so, whether such policy or practice violates the given state's wage and hour laws. The named Plaintiffs' claims are typical of those of the classes they represent, since they arise out of the same policies and practices and course of conduct complained of by all class members. The named Plaintiffs are adequate representatives of the classes they represent, since their interests are co-extensive with those of class members, and they have retained experienced counsel to represent them. Questions of law or fact common to the classes predominate over individualized issues, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Because certification of the Rule 23 Classes is proposed in the context of a settlement, the Court need not inquire whether the case, if tried as a class action, would present intractable management problems. Accordingly, the Court hereby CERTIFIES the Rule 23 Classes under Rule 23(a) and Rule 23(b)(3).

For settlement purposes, the Parties have also proposed conditional certification of the following nationwide collective action under 29 U.S.C. §216(b) of the Fair Labor Standards Act ("FLSA") (the "Nationwide FLSA Collective Action"):

> All persons who work or worked for Inter-Con as a Security Officer anywhere in the United States from September 5, 2003 to the date of this Order, who filed a consent to join form pursuant to 29 U.S.C. §216(b) prior to the expiration of the period set forth by this Court in its April 11, 2007 Hoffmann-La Roche Order, or who submit a consent to join form, including the consent to join in the Claim Form, by the date set forth in this Order, excluding Security Officers covered by the United States State Department ("UPSP") contract.

On April 11, 2007, the Court granted conditional certification of nationwide collective action under the FLSA based on its determination that all potential collective action members are similarly situated, within the meaning of 29 U.S.C. §216(b). *Adams v. Inter-Con Security Sys., Inc.*, 242 F.R.D. 530 (N.D. Cal. 2007). In their Preliminary Approval Motion and in the proposed settlement agreement, Plaintiffs seek only (1) to extend the tolling period applicable to all Plaintiffs who opt-in to the collective action to September 5, 2006, the date on which the original

complaint was filed in this action; and (2) to re-open the period for Class Members to opt-in to the Nationwide FLSA Collective Action until the deadline to submit Claim Forms.

The Court FINDS and CONCLUDES that the proposed Nationwide FLSA Collective Action fulfills the requirements for a collective action under 29 U.S.C. §216(b). The Court finds no reason to revisit its previous determination that all potential FLSA collective action members nationwide are similarly situated, within the meaning of 29 U.S.C. §216(b). The Court agrees that extending a uniform tolling period for all collective action members to September 5, 2006, is reasonable and appropriate in light of the fact that many collective action members opted in to the FLSA claim soon after the case was filed and are therefore entitled to tolling from the date the complaint was filed, or relatively soon thereafter. Finally, the Court agrees that re-opening the period for opting in to the FLSA claim is appropriate, in order to provide potential collective action members an opportunity to participate in the proposed settlement. Accordingly, the Court CERTIFIES the Nationwide FLSA Collective Action under 29 U.S.C. §216(b). Potential collective action members may opt-in to the Nationwide FLSA Collective Action until the postmark deadline for submitting Claim Forms, discussed below.

## II.     APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL

The Court finds that Class Representatives Roy Adams, Robert Eggert, Michael Ferris, Ed Hall, and Rojit Singh have claims typical of absent class members belonging to the California Class and are adequate representatives of those class members. The Court finds that Class Representative DuJuan Nickson has claims typical of absent class members belonging to the Illinois Class and is an adequate representative of those class members. The Court finds that Class Representative Dontrell Bunter has claims typical of absent class members belonging to the Maryland Class and is an adequate representative of those class members. The Court further finds that all named Plaintiffs have claims typical of current and potential members of the Nationwide FLSA Collective Action and are adequate representatives of those individuals. The Court appoints the named Plaintiffs to serve as Class Representatives of their respective Rule 23 Class and, collectively, of the Nationwide FLSA Collective Action.

The Court finds that Lieff, Cabraser, Heimann & Bernstein LLP; Andrus Liberty &

Anderson LLP; Altshuler Berzon LLP; and McTague & Palay, Inc. have, separately and collectively, extensive experience and expertise in prosecuting wage and hour class and collective action cases.  The Court appoints these firms as Class Counsel for the Rule 23 Classes and the Nationwide FLSA Collective Action.

### III.  PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT

The Court has reviewed the terms of the Settlement Agreement, including the monetary and injunctive relief provisions, the plan of allocation and the release of claims, and the Plaintiffs' description of the settlement in the Motion papers.  The Court has also read and considered the two declarations of James M. Finberg (one of which was filed under seal) in support of preliminary approval.  Based on review of those papers, and the Court's familiarity with this case, the Court concludes that the proposed settlement is the result of extensive, arms'-length negotiations between the Parties after Class Counsel had investigated the claims and become familiar with the strengths and weaknesses of Plaintiffs' case.  The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive.  Based on all of these factors, the Court concludes that the proposed settlement has no obvious defects and is within the range of possible settlement approval, such that notice to the Class is appropriate.

IT IS THEREFORE ORDERED THAT:

1. The proposed settlement is hereby PRELIMINARILY APPROVED.  Final approval is subject to the hearing of any objections of members of the settlement classes to the proposed settlement.

2. Pending the determination of the fairness of the proposed settlement, all further litigation of this action is hereby STAYED.

### IV.  APPROVAL OF THE FORM AND MANNER OF DISTRIBUTING NOTICE AND CLAIM FORM

The Parties have also submitted for this Court's approval a proposed Notice of (1) Proposed Class Action Settlement, and (2) Final Settlement Approval Hearing ("Notice") and a proposed Claim Form, which the Court has carefully reviewed. The Court FINDS and CONCLUDES as follows:

1  The proposed Notice is the best notice practical under the circumstances and allows Class
2  Members a full and fair opportunity to consider the proposed Settlement.  The proposed plan for
3  distributing the Notice and Claim Form, which are attached as exhibits to the Settlement
4  Agreement, likewise is a reasonable method calculated to reach all individuals who would be
5  bound by the settlement.  Under this plan, the Claims Administrator will distribute the Notice and
6  Claim Form to all members of the Rule 23 Classes and all current and potential members of the
7  Nationwide FLSA Collective Action (collectively, "Class Members") by First Class United States
8  Mail to their last known addresses.  There is no additional method of distribution that would be
9  reasonably likely to notify Class Members who may not receive notice pursuant to the proposed
10  distribution plan.

11  The Notice fairly, plainly, accurately, and reasonably informs Class Members of:
12  (1) appropriate information about the nature of this litigation, the settlement classes, the identity
13  of Class Counsel, and the essential terms of the settlement, including the monetary and injunctive
14  relief and the plan of allocation; (2) appropriate information about Class Counsel's forthcoming
15  application for attorneys' fees and the proposed service payments to Class Representatives; (3)
16  appropriate information about how to participate in the settlement; (4) appropriate information
17  about this Court's procedures for final approval of the settlement, and about class members' right
18  to appear through counsel if they desire; (5) appropriate information about how to challenge or
19  opt-out of the settlement, if they wish to do so; and (6) appropriate instructions as to how to
20  obtain additional information regarding this litigation and the settlement.

21  Similarly, the proposed Claim Form allows eligible claimants a full and fair opportunity to
22  submit a claim for proceeds in connection with the settlement.  The Claim Form fairly,
23  accurately, and reasonably informs potential claimants that failure to complete and submit a
24  Claim Form, in the manner and time specified, shall constitute a waiver of any right to obtain any
25  share of the settlement fund.  Further, the Claim Form clearly sets forth the procedures by which
26  claimants can contest defendant's records of their employment history, which may affect their
27  monetary recovery under the settlement.
28

                            PRELIMINARY SETTLEMENT APPROVAL

   The Court FINDS and CONCLUDES that the proposed plan for distributing the Notice and Claim Form ("Notice Materials") will provide the best notice practicable, satisfies the notice requirements of Rule 23(e), and satisfies all other legal and due process requirements. Accordingly, the Court hereby ORDERS as follows:

   A. The form of the Notice Materials is approved.

   B. The manner of distributing the Notice Materials is approved.

   C. Promptly following the entry of this Order, the Claims Administrator shall prepare final versions of the Notice Materials, incorporating into the Notice the relevant dates and deadlines set forth in this Order.

   D. Within thirty (30) days following entry of this order, the Defendant shall provide the Claims Administrator a database in a format acceptable to the Claims Administrator, listing for all Class Members each Class Member's name, last known address, dates of employment in a Covered Position (as that term is defined in the Settlement Agreement), and social security number. Defendant shall also provide Class Counsel with a list of the Class Members' names and dates of employment in Covered Positions.

   E. Prior to the mailing of the Notice Materials, the Claims Administrator will update any new address information for potential class members as may be available through the National Change of Address ("NCOA") database or equivalent system.

   F. Within forty-five (45) days of the date of this Order, the Claims Administrator shall mail, via First Class United States Mail, the Notice Materials to all known Class Members at their last known address or at the most recent address that may have been obtained through the NCOA.

   G. The Claims Administrator shall take all reasonable steps to obtain the correct address of any Class Members for whom the Notice Materials are returned by the post office as undeliverable and otherwise to provide the Notice. The Claims Administrator will trace all returned undeliverable Notice Materials and re-mail to the

1  most recent address available.  The Claims Administrator shall promptly notify Class

2  Counsel and counsel for Inter-Con of any mail sent to Class Members that is returned as

3  undeliverable after the first mailing as well as any such mail returned as undeliverable

4  after any subsequent mailing(s).

5     H. No later than fourteen (14) days prior to the expiration of the time

6  to submit claims, the Claims Administrator shall mail a reminder card to all Class

7  Members who have not submitted claims.

8     I. In the event a Claim Form is submitted timely but is deficient in

9  one or more aspects, the Claims Administrator shall return the Claim Form to the

10  claimant within ten (10) business days of receipt with a letter explaining the deficiencies

11  and stating that the claimant shall have ten (10) business days from the date of the

12  deficiency notice to correct the deficiencies and resubmit the Claim Form.  If necessary,

13  claimants will be provided a second deficiency notice to correct any deficiencies

14  concerning resubmitted Claim Forms, which will be governed by the same timeliness

15  requirements as the first deficiency notice.

16     J. Class Counsel shall provide the Court, at least five (5) days prior to

17  the fairness hearing, a declaration from the Claims Administrator of due diligence and

18  proof of mailing with regard to the mailing of the Notice.

19     K. The Claims Administrator shall take all other actions in

20  furtherance of claims administration as are specified in the Settlement Agreement.

21  **V. PROCEDURES FOR FINAL APPROVAL OF THE SETTLEMENT**

22   **A. Fairness Hearing**

23  The Court hereby schedules a hearing to determine whether to grant final certification of

24  the Rule 23 Classes and the Nationwide FLSA Collective Action, and final approval of the

25  Settlement Agreement (including the monetary relief, proposed plan of allocation, injunctive

26  relief, payment of attorneys' fees and costs, and service payments to the Class Representatives)

27  (the "Fairness Hearing") for February 25, 2008 at 2:00 p.m.

28

**B.     Deadline to Request Exclusion from the Settlement**

Class Members may exclude themselves from, or opt-out of, the settlement. Any request for exclusion must be in the form of a written "opt-out" statement sent to the Claims Administrator. A person wishing to opt-out must sign a statement that includes the dates and locations where he or she worked for Inter-Con in a Covered Position and the following language:

> I understand that I am requesting to be excluded from the class monetary Settlement and that I will receive no money from the Settlement Fund created by the Settlement. I understand that if I am excluded from the class, I may bring a separate legal action seeking damages, but might recover nothing or less than what I would have recovered if I filed a claim under the class monetary provisions in this case.

To be effective, any opt-out statement must be sent to the Claims Administrator via First Class United States Mail, facsimile, or the equivalent, postmarked no later than forty-five (45) days after the Claims Administrator first mails the Notice to Class Members. Only those Class Members who request exclusion in the time and manner set forth herein shall be excluded from the settlement. Pursuant to Federal Rules of Civil Procedure 23(b)(3) and (c)(2), the terms and provisions of the settlement shall have no binding effect on any person who makes a timely request for exclusion in the manner required by this Order.

The Claims Administrator shall date stamp the original of any opt-out statement and serve copies on both Class Counsel and counsel for Inter-Con via facsimile and overnight delivery within five (5) business days of receipt of such statements. Class Counsel shall file copies of all timely requests for exclusion, not timely rescinded, with the Court prior to the Fairness Hearing.

Class Members shall be permitted to withdraw or rescind their opt-out statements by submitting a "rescission of opt-out" statement to the Claims Administrator. The rescission of opt-out statement shall include the following language:

> I previously submitted an opt-out statement seeking exclusion from the settlement. I have reconsidered and wish to withdraw my opt-out statement. I understand that by rescinding my opt-out I may be eligible to receive an award from the claims settlement fund and may not bring a separate legal action against Inter-Con Security Systems, Inc. with respect to the Released Claims.

A Class Member wishing to submit such a rescission statement shall sign and date the statement and cause it to be delivered to the Claims Administrator no later than sixty (60) days after the Claims Administrator first mails the Notice.

The Claims Administrator shall stamp the date received on the original of any rescission of opt-out statement and serve copies on Class Counsel and counsel for Inter-Con via facsimile and overnight delivery within five (5) business days of receipt of such statements. Class Counsel shall file copies of all timely rescissions of opt-out statements with the Court no later than two (2) business days prior to the date of the Fairness Hearing.

### C. Defendant's Right to Rescind Agreement

If the number of individuals who opt-out of the settlement in the manner provided in this Order exceeds ten percent (10%) of all Class Members, Inter-Con may, at its option, rescind this settlement. Inter-Con must notify Class Counsel of a decision to withdraw in writing within fourteen (14) calendar days after the deadline for submitting requests for exclusions. If Inter-Con exercises this option, all of Inter-Con's obligations under the Settlement Agreement shall cease to be of any force and effect, and the Settlement Agreement and any order entered in connection therewith shall be vacated, rescinded, canceled, and annulled, and the parties shall return to the status quo in the Civil Action as if the parties had not entered into the Settlement Agreement. In addition, in such event, the Settlement Agreement and all negotiations, Court orders, and proceedings related thereto shall be without prejudice to the rights of any and all parties thereto, and evidence relating to the Settlement Agreement and all negotiations shall not be admissible or discoverable in the Civil Action or otherwise.

### D. Deadline for Filing Objections to Settlement

Any Class Member who wishes to object to the fairness, reasonableness or adequacy of the Settlement Agreement or the settlement must do so in writing. Class Members who have timely objected to the settlement in writing may also appear at the Fairness Hearing. To be considered, any objection to the final approval of the Settlement

Agreement must state the basis for the objection and be mailed to the Clerk of the Court, Class Counsel, and Counsel for Inter-Con, at the addresses provided in the Notice, via First Class United States Mail, postage prepaid, postmarked no later than forty-five (45) days after the date that Notice is first mailed by the Claims Administrator.  Any Class Member who does not timely file and serve such a written objection shall not be permitted to raise such objection, except for good cause shown, and any Class Member who fails to object in the manner prescribed herein shall be deemed to have waived, and shall be foreclosed from raising, any such objection.

If objections are filed, Class Counsel or counsel for Inter-Con may engage in discovery concerning the filed objections prior to the Fairness Hearing.

### E.     Deadline for Submitting Claims Forms

A Class Member who does not opt-out will be eligible to receive his or her proportionate share of the settlement fund.  To receive this share, such a Class Member must properly and timely complete a Claim Form in accordance with the terms of the Settlement Agreement.  To be effective, the Claim Form must be sent to the Claims Administrator at the address provided in the Notice postmarked no later than sixty (60) days after the initial mailing of the Notice to Class Members.  Failure to postmark a completed Claim Form by the deadline shall bar the Class Member from receiving any monetary award pursuant to the proposed settlement.  Class Members who do not file timely and valid Claim Forms shall nonetheless be bound by the judgment and release in this action as set forth in the proposed Settlement Agreement, unless that Class Member timely opts out of the settlement.

It shall be the sole responsibility of each Class Member who seeks a monetary award to notify the Claims Administrator if the Class Member changes his or her address. Failure of a Class Member to keep the Claims Administrator apprised of his or her address may result in the claim being denied or forfeited.

### F.     Deadline for Submitting Motion Seeking Final Approval

No later than thirty-five (35) days before the Fairness Hearing, Plaintiffs shall file

1  a Motion for Final Approval of the Settlement.  On or before one week before the

2  Fairness Hearing, the Parties may file with the Court a reply brief responding to any filed

3  objections.

### G.  Deadline for Petition for Attorneys' Fees

Class Counsel shall file with this Court their petition for an award of attorneys' fees and reimbursement of expenses no later than thirty-five (35) days before the Fairness Hearing.  Class Counsel may file a reply to any opposition memorandum filed by any objector no later than one week before the Fairness Hearing.

### H.  Deadline for Petition for Approval of Service Payments

Class Counsel shall file with this Court their petition for an award of service payments to the Class Representatives no later than thirty-five (35) days before the Fairness Hearing.  Class Counsel may file a reply to any opposition memorandum filed by an objector no later than one week before the Fairness Hearing.

## VI.  PLAINTIFFS' AND CLASS MEMBERS' RELEASE

If, at the Fairness Hearing, this Court grants final approval to the settlement, named Plaintiffs and each individual member of the Rule 23 Classes or Nationwide FLSA Collective Action who does not timely opt-out will release claims, as set forth in Settlement Agreement and Claim Form, by operation of this Court's entry of the Judgment and Final Approval, regardless of whether he or she submits a Claim Form or receives any share of the settlement fund.

## VII.  APPOINTMENT OF CLAIMS ADMINISTRATOR

CPT Group, Inc. is hereby appointed Claims Administrator to carry out the duties set forth in this Order and the Settlement Agreement.

IT IS SO ORDERED.

Dated: October 29, 2007



- 11 -

AMENDED PROPOSED ORDER GRANTING PRELIMINARY SETTLEMENT APPROVAL