1    E. Jeffrey Grube  (SB #167324)
     Kerri N. Harper (SB # 217377)
2    PAUL, HASTINGS, JANOFSKY & WALKER LLP
     55 Second Street
3    Twenty-Fourth Floor
     San Francisco, CA  94105-3441
4    Telephone:  (415) 856-7000
     Facsimile:  (415) 856-7100
5    jeffgrube@paulhastings.com
     kerriharper@paulhastings.com
6

7    Attorneys for Defendant
     INTER-CON SECURITY SYSTEMS, INC.

8    Kelly M. Dermody (SBN 171716)
     Jahan C. Sagafi (SBN 224887)
9    LIEFF, CABRASER, HEIMANN &
     BERNSTEIN, LLP
10    275 Battery Street, 30th Floor
     San Francisco, CA 94111-3339
11    Telephone:  (415) 956-1000
     Facsimile:  (415) 956-1008
12    Email:  kdermody@lchb.com
     Email:  jsagafi@lchb.com
13

14    Attorneys for Plaintiffs and proposed Classes
     [additional counsel on following page]

15

16            UNITED STATES DISTRICT COURT
          NORTHERN DISTRICT OF CALIFORNIA
         SAN FRANCISCO / OAKLAND DIVISION
17

| | |
|---|---|
| **ROY ADAMS, ROBERT EGGERT, MICHAEL FERRIS, ED HALL, ROHIT SINGH, DUJUAN NICKON,** and **DONTRELL BUNTER,** on behalf of themselves and a class of those similarly situated,<br><br>             **Plaintiffs,**<br><br>v.<br><br>**INTER-CON SECURITY SYSTEMS, INC., d/b/a INTER-CON SECURITY SERVICES, INC.,**<br>             **Defendant.** | **Case No.  06-5428 MHP**<br><br><u>**CLASS ACTION**</u><br><br>**JOINT STIPULATION TO AMEND CLAIM FORM** |

LEGAL_US_W # 57517764.1

1   Michael Rubin (SBN 80618)
    James M. Finberg (SBN 114850)
2   Peder Thoreen (SBN 217081)
    ALTSHULER BERZON LLP
3   177 Post Street, Suite 300
    San Francisco, CA 94108
4   Telephone:  (415) 421-7151
    Facsimile:  (415) 362-8064
5   Email:  mrubin@altshulerberzon.com
    Email:  jfinberg@altshulerberzon.com
6   Email:  pthoreen@altshulerberzon.com

7   Kevin W. McTague (SBN 134514)
    MCTAGUE & PALAY, INC.
8   1484 East Main Street, 2nd Floor
    Ventura, CA 93001
9   Telephone:  (805) 641-6600
    Facsimile:  (805) 641-6607
10  E-mail:  kwmct@mctague-palay.com

11  Micha Star Liberty (SBN 215687)
    Jennie Lee Anderson (SBN 203586)
12  ANDRUS LIBERTY & ANDERSON LLP
    1438 Market Street
13  San Francisco, CA 94102
    Telephone: (415) 896-1000
14  Facsimile:  (415) 896-2249
    Email: micha@libertylaw.com
15  Email: jennie@libertylaw.com

16  Attorneys for Plaintiffs and proposed Classes

17

18

19

20

21

22

23

24

25

26

27

28

1    WHEREAS, the Court granted preliminary approval to the class action settlement

2    in this Action and approved the format of the Notice of Proposed Class Action Settlement

3    ("Notice") and the Claim Form on October 29, 2007.

4

5    WHEREAS, subsequent to the Court's approval of the format of the Notice and

6    Claim Form, the claims administrator expressed to the parties its concern with receiving claims

7    by facsimile – specifically its concern that claim forms received by facsimile may be more likely

8    to be misplaced when they do not arrive through CPT's regular mail.

9

10   WHEREAS, the parties agreed to remove the facsimile number from the Notice

11   and Claim Form, but instructed the Claims Administrator to provide its facsimile number upon

12   request from a Class Member.

13

14   NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by

15   Plaintiffs and Defendant by and through their undersigned counsel that (1) the Notice and Claim

16   Form be revised by deleting CPT's facsimile number and (2) the Notice and Claim Form attached

17   as Exhibits **A** and **B** respectively replace the Notice and Claim Form previously approved by the

18   Court on October 29, 2007.

19

20   IT IS STIPULATED.

21

22   DATED: November 13, 2007          E. Jeffrey Grube (SBN 167324)
                                        Kerri N. Harper (SBN 217377)
23                                      PAUL, HASTINGS, JANOFSKY & WALKER LLP

24                                                      */s/ E. Jeffrey Grube*
                                        By: _____
25                                                      E. Jeffrey Grube

26
                                        Attorneys for Defendant
27                                      INTER-CON SECURITY SYSTEMS, INC.

28
                                        -1-
JOINT STIPULATION TO AMEND CLAIM FORM; [PROPOSED] ORDER

1

2   DATED:   November 13, 2007         Kelly Dermody
                                       Jahan Sagafi
3                                      LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

4                                            /s/ Jahan Sagafi

5

6                                      By: _____
                                               Jahan Sagafi
7

8                                      Attorneys for Plaintiffs and the Class

9

10

11

12                              ~~[PROPOSED]~~ ORDER

13

14          Having reviewed the parties Joint Stipulation To Amend Claim Form, the Court

15   now FINDS, CONCLUDES, and ORDERS as follows:

16

17          1.      The Notice and Claim Form be revised by deleting CPT's facsimile

18   number; and

19

20          2.      The Notice and Claim Form attached as Exhibits **A** and **B** respectively

21   replace the Notice and Claim Form previously approved by the Court on October 29, 2007.

22

23   IT IS SO ORDERED.

24

25          Dated:  11/15/2007  _____

26                                                      _____ ate_

27

28

LEGAL_US_W # 57517764.1

-2-

JOINT STIPULATION TO AMEND CLAIM FORM; [PROPOSED] ORDER

IT IS SO ORDERED

Judge Marilyn H. Patel

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

**EXHIBIT  A**

ROY ADAMS, ROBERT EGGERT,
MICHAEL FERRIS, ED HALL, ROHIT
SINGH, DUJUAN NICKON, and
DONTRELL BUNTER, on behalf of
themselves and a class of those similarly
situated,

Plaintiffs,

v.

INTER-CON SECURITY SYSTEMS,
INC., d/b/a INTER-CON SECURITY
SERVICES, INC.,

Defendant.

Case No.  C-06-5428 MHP

**NOTICE OF (1) PROPOSED CLASS
ACTION SETTLEMENT, AND (2) FINAL
SETTLEMENT APPROVAL HEARING**

Date:      February 25, 2008
Time:      2:00 p.m.
Courtroom: 15, 18th Floor

Hon. Marilyn Hall Patel

## 1.   SUMMARY OF THE SETTLEMENT AND YOUR RIGHTS

§ 1.a.   Who This Notice Is To:  All former and current employees of Inter-Con Security Systems, Inc. ("Inter-Con") who were employed as Security Officers on a non-U.S. State Department (UPSP) contract anywhere in the United States and who were employed:
(i)      in California between September 5, 2002 and October 29, 2007; **or**
(ii)     in Illinois and/or Maryland between January 29, 2004 and October 29, 2007; **or**
(iii)    in any other state between September 5, 2003 and October 29, 2007

§ 1.b.   Introduction.  Please read this notice carefully.  According to Inter-Con's records, you fit the above description.  If this is correct and you follow the steps set forth in this notice, you can receive money from the settlement of this class action.

§ 1.c.   What Is A Class Action?  A class action is a lawsuit in which the claims and rights of many similarly situated people ("class members") are decided in a single court proceeding.  One or more representative plaintiffs ("class representatives") file a lawsuit asserting claims on behalf of all the class members.

§ 1.d.   How To Participate, Comment, Or Exclude Yourself From This Settlement.  If you wish to participate in the settlement of this class action, you must properly submit a Consent To Join Form or a Claim Form.  (If you do not wish to participate in the settlement, you can do nothing, but you may forever lose certain rights to compensation (described in § 3.g., below).)  If you wish to comment in favor of or against the settlement, or if you decide to exclude yourself from the Settlement (to "opt out"), you must follow the directions in § 4.d, § 4.e, or § 4.f., below.

If you wish to participate, to comment, or to opt out, you must properly submit the appropriate paperwork (described in § 4, below) on or before February 11, 2008.  If you do not properly submit that paperwork, you may forever lose certain rights to compensation (described in § 4.c., below).

§ 1.e.   Court Notice.  Pursuant to the order of the United States District Court for the Northern District of California entered on October 29, 2007, you are hereby notified as follows:

A proposed settlement (the "Settlement") has been reached between the parties in the class action pending in the Northern District of California brought on behalf of all individuals described above (the "Class" or "Class Members").  The Court has preliminarily approved the Settlement and conditionally certified the Class for purposes of the Settlement only.  You have received this notice because Inter-Con's records indicate that you are a member of the Class.  This notice is designed to inform you of how you can (1) participate in the Settlement, (2) comment in favor of or against the Settlement, or (3) elect to be excluded from the Settlement.  If you do not elect to be excluded from the Settlement, and if the Settlement is finally approved by the Court, the Settlement will be binding upon you, even if you object to the Settlement.

1

> To receive money from the Settlement, you must properly submit the paperwork described below and you must not exclude yourself from the Settlement. If you participate in the Settlement, you will not be able to recover compensation in any separate action as described below.

§ 1.f.   This Settlement Is Independent Of The *Williams/Ferris* Settlement. This Notice and the accompanying **BLUE** Claim Form relate only to the *Adams v. Inter-Con* class action Settlement. Inter-Con recently also settled two cases known as *Williams v. Inter-Con* and *Ferris v. Inter-Con*, which were class actions brought under California law. Those cases were based on claims that were not raised in this case (*Adams*). The *Adams* settlement is independent and distinct from the *Williams v. Inter-Con / Ferris v. Inter-Con* class action settlement. Your action or inaction regarding one settlement will not affect your rights or recovery in the other settlement.

## 2.   BACKGROUND OF THE CASE

§ 2.a.   The Claims At Issue. On September 5, 2006, Plaintiffs Roy Adams, Robert Eggert, Michael Ferris, Ed Hall, and Rohit Singh filed a class action complaint in this Court. In the lawsuit, Plaintiffs alleged that they and the Class Members throughout California had not been paid for (1) time spent working before shifts off-the-clock, (2) time spent working during orientation sessions, and (3) interest earned on deposits made on their work uniforms. Plaintiffs requested damages under the federal Fair Labor Standards Act ("FLSA") and California state wage and hour laws. Later, Plaintiffs expanded the lawsuit to encompass Class Members nationwide and to add requests for damages under other states' laws.

§ 2.b.   The Notice And Consent To Join Forms Sent To The Class Members This Summer. On April 11, 2007, the Court granted the Plaintiffs' motion to certify a nationwide collective action under the FLSA, allowing the parties to send a notice (by individual mailing and by posting at work sites) to Security Officers. The notice stated that the lawsuit was proceeding, and that Security Officers in the United States wishing to join the lawsuit could do so by submitting a form to Plaintiffs' counsel. That notice was mailed to these people on May 25, 2007. The deadline for responding to that Notice was August 23, 2007. Many Class Members were sent this notice, and some were not. At this point, regardless of whether you received a notice, you can choose to participate in the Settlement.

§ 2.c.   The Further Litigation Of The Class Action. The parties have actively litigated the lawsuit. Inter-Con has provided Plaintiffs' counsel with extensive information about the Company and the Class, including employment policies and handbooks, job descriptions, training materials, timekeeping materials, data regarding Class Members' work hours and compensation, and the results of a telephone survey of hundreds of Class Members conducted by an independent research company at Inter-Con's request. Plaintiffs' counsel, in addition, have conducted their own independent investigation into the case, including interviewing hundreds of Class Members who have contacted Plaintiffs' counsel.

§ 2.d.   Inter-Con's Denial Of Liability. Inter-Con denies all of Plaintiffs' allegations. Specifically, Inter-Con denies that it owes Plaintiffs or the Class Members any compensation beyond what it has paid them.

§ 2.e.   The Mediation And Settlement. The parties participated in extensive settlement discussions, including one full day of mediation before a neutral third party, a respected mediator in San Francisco. At the mediation, the parties reached a settlement based on the mediator's proposal and recommendation. The settlement represents a compromise regarding disputed claims, considering the risks and uncertainties to each side of continued litigation. The parties and their counsel have determined that the Settlement is fair, reasonable, and adequate and is in the best interests of the Class Members.

The parties have since entered into a Joint Stipulation of Settlement, which has been presented to the Court for its review. The Court has granted preliminary approval to this Settlement. The Settlement is summarized in the next section.

## 3.   SUMMARY OF THE SETTLEMENT

The Settlement provides for the following:

§ 3.a.   Who is included in the Settlement?

- All people who fit the definition set forth in § 1.a. are "Potential Class Members."

2

- All Potential Class Members (a) who worked in California, Illinois, or Maryland, or (b) who worked outside those three states and filed a Consent To Join Form or submit a Claim Form are "Class Members." Just because a person is a Class Member does *not* mean he or she is a Claimant.

All Class Members who filed a Consent To Join Form or submit a Claim Form are "Claimants." All Class Members are included in the Settlement, meaning that they will forfeit certain legal rights (described in § 3.g., below) in exchange for the opportunity to receive money from the Settlement. All Claimants will be sent money from the Settlement.

If you meet the conditions set forth in § 1.a., you are a potential Class Member and therefore have the opportunity to participate in this Settlement. Specifically:

- If you meet the § 1.a. conditions and fall in categories i or ii (i.e., you worked in California, Illinois, or Maryland) and do not exclude yourself, you are a Class Member. If you are a Class Member, and either you already filed a Consent To Join Form (during the process described in § 2.b.) or you properly submit a Claim Form now, then you are a Claimant.

- If you meet the § 1.a. conditions and fall in category iii (i.e., you worked outside of California, Illinois, and Maryland) and you either properly filed a Consent to Join Form (during the process described in § 2.b.) or you properly submit a Claim Form now, then you are both a Class Member and a Claimant.

§ 3.b.    How Much Money Will I Receive From The Settlement?  The total Settlement Fund is valued at $4,000,000. The Net Settlement Fund equals the Settlement Fund minus Plaintiffs' attorneys' fees and costs (described in § 3.i.) and the service payments to the Class Representatives (described in § 3.h.).

Inter-Con will distribute the Net Settlement Fund to Claimants in proportion to the number of weeks within the time periods set forth in § 1.a. each Claimant worked. For example, a Claimant who worked from 1/1/06 to 12/31/06 (52 weeks) will receive twice as much as a Claimant who worked from 7/2/06 to 12/31/06 (26 weeks). Each individual payment to a Claimant is called an "Individual Settlement Payment."

Once the Individual Settlement Payments are calculated, the Claims Administrator will mail Claimants checks with their Individual Settlement Payments. The Claims Administrator, working with Plaintiffs' counsel and Inter-Con, will diligently attempt to ensure that all Claimants receive their Individual Settlement Payments. It is possible that despite these diligent efforts, some money will remain in the Net Settlement Fund (because, for example, not all Claimants cash their checks). If this remainder is over $50,000, it will be redistributed to all the Claimants in proportion to the initial Individual Settlement Payments. If the remainder is $50,000 or less, it will be donated, half to the Legal Aid Society of San Francisco/Employment Law Center and half to the National Employment Law Project.

Because the amount each Class Member receives from the Settlement will depend on how many Class Members participate in the Settlement, it is impossible to know how much a given Class Member will receive until after the period for participating ends.

§ 3.c.    How Will My Number Of Weeks As A Class Member Be Determined?  Each Individual Settlement Payment will be calculated based on Inter-Con's records. The Claim Form enclosed with this Notice sets forth the dates during which you were a Class Member according to Inter-Con's records. If you believe the dates are incorrect, you must follow the instructions in § 5 of the Claim Form, including correcting the dates and enclosing supporting documentation. Challenges will be resolved without hearing by the Claims Administrator.

§ 3.d.    Timing Of Individual Settlement Payments.  The Individual Settlement Payments will be mailed to Claimants within 60 days after the Settlement Effective Date.

§ 3.e.    Tax Consequences.  Half of each Individual Settlement Payment is considered wages subject to W-2 reporting and therefore will be reduced by normal payroll taxes and withholdings. Inter-Con will pay the employer's share of applicable payroll taxes. Inter-Con's tax payments will not reduce your Individual Settlement Payment.

The other half of each Individual Settlement Payment is considered interest and penalties subject to 1099 reporting. Therefore, the claims administrator will issue each Claimant an IRS Form 1099 for that portion of the Individual

3

Settlement Payment.  Claimants will be responsible for all taxes owed based on this half of the Individual Settlement Payment.

§ 3.f.   Default Participation.  If you are a Class Member (see definition in § 3.a., above), you will be bound by the Settlement (and eligible to submit a Claim Form to request money) unless you elect to exclude yourself from the Settlement (to "opt out") by properly submitting the appropriate paperwork (described in § 4.f., below).

§ 3.g.   Release Of Claims.  The Settlement includes a release of certain legal rights you may have against Inter-Con.  This release provides that, upon the Settlement Effective Date, each Class Member who falls within categories i or ii of § 1.a. shall be deemed to have released all claims, known and unknown, that were brought or could have been brought in the Litigation against Inter-Con arising out of the facts alleged in the Litigation, including allegations for having not been paid all wages owed (straight time or overtime), for pre-shift work or time spent at orientation, or having not been paid interest on uniform deposits, under California, Maryland, or Illinois laws ("Released Claims").  As to the Released Claims described above, each Class Member who worked in California waives all rights and benefits afforded by California Civil Code § 1542, and does so understanding the significance of that waiver.  Section 1542 provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Upon the Settlement Effective date, each Class Member who falls within category iii of § 1.a. and who has filed a Consent to Join Form and/or submits a Claim Form shall be deemed to have released any claims that were or could have been brought under the FLSA arising out of the facts alleged in the Litigation.

§ 3.h.   Class Representatives' Service Payments.  Roy Adams will receive a service payment of $2,500, and each of the remaining six Class Representatives will receive service payments of $1,000.  These amounts are in recognition of the service performed by the Class Representatives in representing the Class and advancing the litigation.  These service payments will be paid in addition to the seven Class Representatives' Individual Settlement Payments.  These service payments will be paid only if the Court approves them.

§ 3.i.   Plaintiffs' Counsel's Fees And Costs.  Inter-Con agrees not to oppose Plaintiffs' counsel's request to the Court that it award them 25% of the Settlement Fund to reimburse them for their time and effort in bringing this case, and that it award them a reasonable amount to reimburse them for the out-of-pocket costs they have paid during the litigation.  These amounts will be paid from the Settlement Fund.  Plaintiffs' counsel believes the attorneys' fees and costs requested are fair and reasonable.

## 4.   WHAT ARE MY RIGHTS AS A CLASS MEMBER?

§ 4.a.   Overview.  All Class Members have the option to remain Class Members (preserving the opportunity to participate in the Settlement) or to opt out (preserving their right to sue Inter-Con in a separate action).  All Class Members who do not opt out may participate as Claimants by submitting the appropriate form, described in § 4.b.  Separately, all Class Members who do not opt out may comment on the Settlement, by following the instructions in § 4.d. or § 4.e.

§ 4.b.   Participating In The Settlement By Submitting The Appropriate Form.  If you want to receive money from the Settlement and have not already filed a **Consent To Join Form** you must participate by properly submitting a **Claim Form.**

If you have already properly submitted a **Consent To Join Form** as part of the process described in § 2.b., you are a Claimant.  Regardless, you are encouraged to submit a **Claim Form**, so that you can to confirm the employment information and address information pre-printed on the form by Inter-Con.

If you have not already filed a Consent To Join Form, you must submit the enclosed **Claim Form** to receive money from the Settlement.  Please follow all instructions on the Claim Form, and send it via U.S. Mail to the Claims Administrator at 16630 Aston, Irvine California 92606, Toll Free 877.307.2784.  The Claim Form must be postmarked or date stamped by **February 11, 2008**.  If you need another Claim Form, contact the Claims Administrator.

§ 4.c.   The Consequences Of Not Submitting The Appropriate Form And Not Excluding Yourself From The Settlement.  If you are a Class Member and do not exclude yourself from the Class, you are a part of the Class.

4

This means that you will be bound by the terms of the Settlement and any final judgment that may be entered by the Court, and you will be deemed to have released the claims listed in the § 3.g. against Inter-Con (except for any FLSA claims). This will be true regardless of whether you participate in the Settlement. **If you do not properly submit a <u>Consent To Join Form</u> or a <u>Claim Form</u>, you will not receive any benefits from the Settlement. You must properly submit one of those forms to receive any money from the Settlement.**

§ 4.d.   <u>Commenting In Favor Of The Settlement.</u>  If you wish, you may comment in favor of the Settlement in writing and/or by appearing in person at the final settlement approval hearing, which will be held on February 25, 2008 at 2:00 p.m.  To do so, you must submit a written notice of your comments and/or your intent to appear and comment in favor of the Settlement at the final settlement approval hearing.  Your notice should include your full name, address, date of birth, and dates of your employment at Inter-Con.  Send your notice to:

| PLAINTIFFS' COUNSEL | INTER-CON'S COUNSEL |
|---|---|
| Kelly M. Dermody, Esq. | E. Jeffrey Grube, Esq. |
| Jahan C. Sagafi, Esq. | Kerri Harper, Esq. |
| Lieff, Cabraser, Heimann & Bernstein, LLP | Paul, Hastings, Janofsky & Walker LLP |
| 275 Battery Street, 30th Floor | 55 Second Street, 24th Floor |
| San Francisco, CA 94111 | San Francisco, CA 94105 |

Kevin W. McTague, Esq.
McTague & Palay,
  A Professional Corporation
1484 East Main Street
Ventura, CA 93001

Michael Rubin, Esq.
James M. Finberg, Esq.
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, CA 94108

Micha Star Liberty, Esq.
Jennie Lee Anderson, Esq.
Andrus Liberty & Anderson LLP
1438 Market Street
San Francisco, CA 94102

§ 4.e.   <u>Objecting To The Settlement.</u>  You may object to the terms of the Settlement before final approval by filing a written notice of objection.  However, if the Court grants final approval to the Settlement, you will still be bound by the Settlement as described in § 4.c.  To object, you must send a written notice of objection (1) to counsel at the same addresses shown above and (2) to the Court Clerk of the United States District Court for the Northern District of California, 450 Golden Gate Ave., San Francisco, CA 94102.  Please do not telephone the Court or Defendant's counsel.  Any written objection must state each specific objection and any legal support for each objection.  Your objection must also state the case name and number, your full name, address, date of birth, and the dates of your employment with Inter-Con.  To be valid and effective, any objections to approval of the Settlement must be postmarked no later than **January 28, 2008.**  A Class Member who fails to file and serve a written objection in the manner described above and by the specified deadline will be deemed to have waived any objections and will be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.  You may object with or without your own attorney.  If you object through an attorney, you will be solely responsible for the fees and costs of your own attorney.  If you object to the Settlement, but wish to receive your Individual Settlement Payment if the Settlement is approved, you must comply with the claim filing requirements described in § 4.b.  If the Court approves the settlement despite any objections, and you have not properly submitted a claim, you will not receive any money from the Settlement.

§ 4.f.   <u>Excluding Yourself from the Settlement.</u>  If you want to exclude yourself from the Settlement, you must submit a signed request for exclusion providing your name and the dates and locations where you worked for Inter-Con as a Class Member, and stating that "I understand that I am requesting to be excluded from the class monetary

Settlement and that I will receive no money from the Settlement Fund created by the Settlement. I understand that if I am excluded from the class, I may bring a separate legal action seeking damages, but might recover nothing or less than what I would have recovered if I filed a claim under the class monetary provisions in this case." The request for exclusion must be sent by First Class U.S. Mail or the equivalent to the Claims Administrator at the following address:

*Adams v. Inter-Con* Class Action Settlement
CPT Group, Inc.
16630 Aston St.
Irvine, CA 92606
Toll Free 877.307.2784

The request for exclusion must be postmarked no later than **January 28, 2008**. If the request for exclusion is sent from within the United States it must be sent through the United States Postal Service via First Class U.S. Mail or the equivalent. Do not use a postage meter as that may not result in a postmark appearing on the envelope containing your request for exclusion.

Any person who excludes him or herself will no longer be a Class Member, will be barred from participating in any portion of the Settlement, and will receive no money from the Settlement. Any such person may separately pursue any claims he/she may have against Inter-Con at his/her own expense.

## 5.   FINAL SETTLEMENT APPROVAL HEARING

§ 5.a.   The Time, Date, And Location Of The Final Settlement Approval Hearing. The Court will hold a final approval hearing in the Courtroom of the Honorable Marilyn Hall Patel, 450 Golden Gate Ave., 18th Floor, San Francisco, CA, on February 25, 2008 at 2:00 p.m, to determine whether the Settlement should be finally approved as fair, reasonable, and adequate. The Court will also be asked to approve Plaintiffs' Counsel's request for costs and attorneys' fees and the service payments to the seven Class Representatives. The hearing may be postponed without further notice to the Class. **It is not necessary for you to appear at this hearing.** You may appear at the hearing if you wish, if you have given notice of your comments in favor of or against the settlement under the procedures set forth in § 4.d. or § 4.e., above.

## 6.   OTHER INFORMATION

§ 6.a.   No Cost To Me. The Settlement does not require you to pay money out of pocket. However, you are responsible for paying your own share of employee income taxes from your award. As described § 6.b. (the "Tax advice caveat"), below, Plaintiffs' counsel cannot give you tax advice.

§ 6.b.   Tax Advice Caveat. Any perceived tax advice in this Notice was not intended or written to be used, and it cannot be used by any recipient, for the purpose of avoiding any tax penalties that may be imposed on any person. This Notice imposes no limitation on the disclosure of the tax treatment or tax structure of any transaction.

§ 6.c.   Costs of Administration. Inter-Con will bear the reasonable costs of administering the Settlement which may be deferred by any interest accrued while the Settlement funds rest in the Payment account prior to distribution.

§ 6.d.   This Notice Provides Only A Summary. The above is a summary of the basic terms of the Settlement. For the precise terms and conditions of the Settlement, you are referred to the detailed Settlement Agreement, which will be on file with the Clerk of the Court. The pleadings and other records in this litigation, including the Settlement Agreement, may be examined at any time during regular business hours with the Clerk of the United States District Court for the Northern District of California, 450 Golden Gate Ave., San Francisco, CA 94102, or you may contact any of the Plaintiffs' counsel. **Please do not telephone the court or Inter-Con's counsel for information regarding this settlement or the claim process.**

**By order of the United States District Court for the Northern District of California**

**Dated: October 29, 2007**                                **The Honorable Marilyn Hall Patel**
                                                                          **United States District Judge**

6

**EXHIBIT  B**

CLAIM FORM
*Adams v. Inter-Con* Class Action Settlement
CPT Group, Inc.
16630 Aston St.
Irvine, CA 92606
**Toll Free 877.307.2784**

**NOTE: Please read the enclosed Notice of Proposed Class Action Settlement before completing this Claim Form. To receive any money from this settlement, you must either (a) have already filed a Consent to Join Form or (b) submit a valid Claim Form. It is recommended that you submit a Claim Form even if you have already filed a Consent to Join Form.**

**IMPORTANT: You must fill in the four blanks in sections 6 and 7, below, and submit your Claim Form to the Claims Administrator POSTMARKED by <u>February 11, 2008.</u>**

**Enclosed is a self-addressed stamped envelope for returning your claim form.**

1.    **<u>Your Contact Information</u>**

Name/Address Changes, if any:

    <<Claim Number>>
    <<Name>>
    <<Address>>
    <<City>>, <<State>> <<Zip Code>>

( _____ ) _____ ____ - ____ ____ ____ ____
Home Telephone Number

2.    **<u>Introduction</u>**

The Court preliminarily approved the settlement of the class action titled *Adams v. Inter-Con Security Systems, Inc.,* Case No. 06-5428 MHP, on October 29, 2007 ("*Adams*"). Inter-Con Security Systems, Inc.'s ("Inter-Con") records show that you worked as a Security Officer (under a contract other than for UPSP) (1) in California from September 5, 2002 to October 29, 2007; (2) in Maryland or Illinois from January 29, 2004 to October 29, 2007; and/or (3) anywhere in the United States from September 5, 2003 to October 29, 2007 and therefore, are included in the settlement. Specifically, Inter-Con's records show that you worked as a Security Officer in these states during this time period from:

<<_____, _____ >> to << _____, _____ >>
**month/day**              **year**                        **month/day**         **year**

If you believe that this information is incorrect, please see section 5, below.

Based on this information, you are entitled to receive money from the settlement of this lawsuit. Please complete this form and return it by First Class U.S. Mail or equivalent, postage paid, postmarked on or before **February 11, 2008**, to the Claims Administrator at the above address.

3.    **<u>Your Consent To Join ("Opt Into") Action</u>**

By submitting this Claim Form, I hereby consent to join the *Adams* litigation as a Settlement Class Member. I understand that this means I am participating in the settlement of my claims in the *Adams* collective and class action. In addition to other claims I may be releasing as designated in the following section, I am releasing all claims that I brought or could have brought under the Federal Fair Labor Standards Act (FLSA).

4.    **<u>Release Of Your Claims</u>**

I understand that the settlement provides for the following release of claims: "Upon the Settlement Effective Date, each Rule 23 Class Member shall be deemed to have released all claims, known and unknown, that were brought or could have

been brought in the Litigation against Inter-Con arising out of the facts alleged in the Litigation, including allegations for having not been paid all wages owed (straight time or overtime), for pre-shift work time spent at orientation, or having not been paid interest on uniform deposits, under California, Maryland, or Illinois laws ("Released Claims"). As to the Released Claims described above, each Class Member who worked in California waives all rights and benefits afforded by California Civil Code § 1542, and does so understanding the significance of that waiver. Section 1542 provides: 'A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.'"

Upon the Settlement Effective date, each Opt-In Collective Action Class Member who has filed a Consent to Join Form and/or who signed or signs a Claim Form shall be deemed to have released any claims that were or could have been brought under the FLSA arising out of the facts alleged in the Litigation.

If I am the executor and/or heir of a class member or a representative of a class member, I have provided details about the capacity in which I am submitting this Claim Form on separate sheets attached and enclosed.

## 5.   Employment Dates (optional)

**OPTIONAL CHALLENGE:** If you do not agree with the employment dates listed in section 2, you may challenge them by completing the following sentence **and** submitting *documentary evidence* of what you believe to be the correct dates. If you do not complete this section, you will waive your rights to challenge the above dates.

During the period from:

☐   September 5, 2002 (California Security Officers) to October 29, 2007;

☐   January 29, 2004 (Maryland and Illinois Security Officers) to October 29, 2007; or

☐   September 5, 2003 (Security Officers working in any State) to October 29, 2007

I believe I worked as a Security Officer during the following time period:

Dates: _____ , _____ to _____ , _____
                    **month/day**              **year**                **month/day**              **year**

*Note: By submitting this challenge, you are authorizing the Claims Administrator to review Inter-Con's records and make a determination based on Inter-Con's records and the records you have submitted. This determination may increase or decrease the value of your share of the settlement. All such determinations by the Claims Administrator are final and binding with no opportunity for further appeal.*

## 6.   Taxpayer Identification Number Certification (Substitute IRS Form W-9)

Enter your Social Security Number:   ☐ ☐ ☐ -- ☐ ☐ -- ☐ ☐ ☐ ☐

Under penalties of perjury, I certify that:

1.      The social security number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); **and**

2.      I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, **and**

3.      I am a U.S. person (including a U.S. resident alien).

Note: If you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above.

The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.

7.    **<u>Signature</u>**

      I declare under penalty of perjury under the laws of the State of _____ [write in the state where you are signing] and the United States that the foregoing is true and correct.

      Dated: ___ ___ / ___ ___ / ___ ___ ___ ___        _____

                                                                                    Signature


Your Claim Form must be postmarked on or before **February 11, 2008**. A Claim Form postmarked later than this deadline will not be accepted for any reason. A self-addressed stamped envelope has been enclosed for returning the Claim Form. This Claim Form must be mailed to the Claims Administrator at:

***Adams v. Inter-Con*** **Class Action Settlement**
**CPT Group, Inc.**
**16630 Aston St.**
**Irvine, CA 92606**
**Toll Free 877.307.2784**

---

**You must complete all pages of this Claim Form and return it to the Claims Administrator CPT Group at the address above, postmarked on or before <u>February 11, 2008</u>.**

---