|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | UNITED STATES DISTRICT COURT | |
| 10 | NORTHERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| ROY ADAMS, ROBERT EGGERT, MICHAEL FERRIS, ED HALL, ROHIT SINGH, DUJUAN NICKSON, and DONTRELL BUNTER, on behalf of themselves and a class of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTER-CON SECURITY SYSTEMS, INC., d/b/a INTER-CON SECURITY SERVICES, INC.,<br><br>Defendant. | Case No. C-06-5428 MHP<br><br>**[REVISED PROPOSED] ORDER CONFIRMING FINAL CERTIFICATION OF CLASSES AND COLLECTIVE ACTION AND GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT**<br><br>Date: February 25, 2008<br>Time: 2:00 p.m.<br>Courtroom: 15, 18th Floor<br><br>Hon. Marilyn Hall Patel |

The parties to this action having entered into a Settlement Agreement dated September 17, 2007 and having applied to this Court for preliminary and final approval of the Settlement Agreement and the terms thereof; this Court on October 29, 2007 having granted preliminary approval to the Settlement Agreement, which is attached as Exhibit 1 to this Court's October 29, 2007 order, and having directed notice of the Settlement Agreement, its terms, and the applicable procedures and schedules to be provided to proposed class and collective action members; this Court having set a final Fairness Hearing for February 25, 2008 to determine whether the Settlement Agreement should be granted final approval, pursuant to Federal Rule of Civil Procedure 23(e), as "fair, adequate and reasonable;" and all proposed class and collective action members having been given an opportunity to comment on the settlement;

NOW, THEREFORE, IT IS HEREBY ORDERED, upon consideration of the Settlement Agreement, the parties' briefs, declarations, and oral arguments in support thereof, and the proceedings in this action to date, as follows:

1. Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms set forth in the Settlement Agreement, attached as Exhibit 1 to the October 29, 2007 order granting preliminary approval.

2. This Court has jurisdiction over the subject matter of this litigation and all matters relating thereto, and over the plaintiffs and the defendant.

3. This Court confirms as final its conditional certification of the California Class, the Illinois Class, and the Maryland Class, as defined in the Settlement Agreement and in Section I of its October 29, 2007 order, for purposes of settlement and based on the findings in Section III of its October 29, 2007 order and the absence of any objections from any Class Members to such certification.

4. The Court confirms as final its preliminary designation, in Section I of its October 29, 2007 order, of the Class as an FLSA collective action, for purposes of settlement and based on its findings in the October 29, 2007 order and the facts that (1) over 5,000 Class Members have now opted into the FLSA collective action, and (2) no Class Members have objected to the designation of the case as a collective action.

5. The Court confirms as final the appointment of Roy Adams, Robert Eggert, Michael Ferris, Ed Hall, and Rojit Singh as class representatives of the California Class, both under Rule 23 and under 29 U.S.C. § 216(b). The Court confirms as final the appointment of DuJuan Nickson as class representative of the Illinois Class, both under Rule 23 and under 29 U.S.C. § 216(b). The Court confirms as final the appointment of Dontrell Bunter as class representative of the Maryland Class, both under Rule 23 and under 29 U.S.C. § 216(b).

6. The Court confirms as final the appointment of the following law firms and attorneys as class counsel ("Class Counsel") for the Classes: Lieff, Cabraser, Heimann & Bernstein LLP; Andrus Liberty & Anderson LLP; Altshuler Berzon LLP; and McTague & Palay, Inc.

7. If, for any reason, the Settlement Agreement ultimately does not become Effective, this order certifying the Classes under Rule 23 and the Class under 29 U.S.C. § 216(b) shall be vacated; the parties shall return to their respective positions in this lawsuit as those positions existed immediately before the parties executed the Settlement Agreement; and nothing stated in the Settlement Agreement or any other papers filed with this Court in connection with the settlement shall be deemed an admission of any kind by any of the parties or used as evidence against, or over the objection of, any of the parties for any purpose in this action or in any other action.

8.  The Notice and Claim Form and Release given to Class Members, pursuant to this Court's orders, constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Fair Labor Standards Act, due process, the United States Constitution and any other applicable law.

9.  Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Court grants final approval to the Settlement Agreement and the settlement set forth therein. The Court finds that the settlement is fair, reasonable, and adequate in all respects and that it is binding on all Class Members who did not timely opt out pursuant to the procedures set forth in this Court's October 29, 2007 order and the Settlement Agreement. A list of Class Members who timely opted out is attached to the Final Judgment as Exhibit A. The Court specifically finds that the settlement is rationally related to the strength of Plaintiffs' claims given the risk, expense, complexity, and duration of further litigation. This Court also finds that the Settlement Agreement is the result of arms-length negotiations between experienced counsel representing the interests of the plaintiffs and defendant, after thorough factual and legal investigation. *Staton v. Boeing,* 327 F.3d 938, 960 (9th Cir. 2003); *Class Plaintiffs v. City of Seattle,* 955 F.2d 1268, 1291 (9th Cir. 1992).

10. The Court further finds that the response of the Class to the settlement supports settlement approval. Of the 14,533 Class Members, 5,325 Class Members have submitted valid, timely Claim Forms, but no Class Members has submitted an objection.

11. The Court finds the proposed plan of allocation is rationally related to the relative strengths of the respective claims asserted. The mechanisms and procedures set forth in the Settlement Agreement by which payments are to be calculated and made to Class Members filing

timely claims are fair, reasonable, and adequate, and payment shall be made according to those allocations and pursuant to the procedure set forth in the Settlement Agreement.

12. The First Amended Complaint filed in this action and all claims contained therein are dismissed in their entirety with prejudice as to all Class Members other than those listed in Exhibit A to the Final Judgment.

13. By operation of the entry of this Order and the Final Judgment, all Released Claims are fully, finally and forever released, relinquished and discharged, pursuant to the terms of the release set forth in Section VIII of the Settlement Agreement, as to all Class Members other than those listed in Exhibit A to the Final Judgment. The Court has reviewed the release in Section VIII of the Settlement Agreement, which is incorporated as well into the Claim Form, and the Court finds it to be fair, reasonable, and enforceable under the FLSA and all other applicable law.

14. The parties entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims. Defendant in no way admits any violation of law or any liability whatsoever to Plaintiffs and the Classes, individually or collectively, all such liability being expressly denied by Defendant.

15. The Court retains jurisdiction over this matter for purposes of resolving issues relating to administration, implementation, and enforcement of the Settlement Agreement.

IT IS SO ORDERED.

Dated: February 25, 2008

The Hon. Marilyn Hall Patel
United States District Judge